CHARLES GEBHARDT

*v.*

ABNER REEVES.

1. STREETS AND ALLEYS — *making and recording plat operates as a conveyance of.* When a plat is executed, certified, acknowledged and recorded in conformity with the provisions of the statute of 1845, in relation to laying out towns, additions and subdivisions of lots, the fee of all that portion of the land designated as streets and alleys becomes absolutely vested in the corporation of the town or city, in trust for the use of the public. If the plat is recorded before the town has a corporate existence, the fee remains in abeyance, subject to vest in the corporation as soon as created. Making and recording the plat operates as a grant of the fee to the municipality as effectually as would a deed.

2. SAME — *literal compliance with statute not necessary to pass fee in streets.* A substantial compliance with the provisions of the statute in making and recording a plat will be sufficient to operate as a grant of the fee in the streets and alleys. The fact that the plat and survey are made by one not a county surveyor will not invalidate the proceedings, as it is the acknowledging and recording of the plat that vests the fee in the corporation. And the fact that no corner stone is designated on the plat, as required by statute, when other monuments are designated from which the location of the lots, streets and alleys can be ascertained with equal certainty, will not render the plat inoperative to pass the title to the streets and alleys.

3. SAME — *on vacation, title to revert to the original proprietor.* Where a street or alley, the fee of which has passed to the corporation by the making and recording of a plat, is vacated by the corporate authorities, and its use abandoned, the fee that was in the city or town will revert to the

original owner who dedicated the same, and not to the abutting lot owners, and neither the legislature nor the corporate authorities can divest such owner of it.

4. The grant of a lot abutting upon such a street or alley is distinguishable from a grant of land upon an ordinary highway. In the latter, the public having but an easement in the land used as a highway, a grant by the owner passes the title subject to the easement, while in the former, the title to the street or alley having passed to the municipality, the original proprietor has no title whatever in the same to convey. In the one case, therefore, on vacation and abandonment, the grantee takes the title unincumbered by the easement, while in the other he takes no title whatever beyond the boundaries of his lot.

5. SAME — *Act of* 1851, *for vacating and conveying streets, construed.* Under the act of 1851, which provided that the corporate authorities of towns and cities, on petition, might vacate streets, and convey, by quitclaim deed, any interest the corporation had in the street, to the adjoining lot owners, a town or city has no power to convey the fee or title to a street, when vacated. A law that would have the effect to transfer the property of one man to another without compensation, or would authorize the same thing to be done, would be palpably in violation of the constitution, and void.

6. SAME — *when title to, does not pass.* In the case of an ordinary highway, or where a town or city obtains a street or alley by dedication merely, or by condemnation under the right of eminent domain, or where urban property has been laid off and platted by the owner into lots, with streets and alleys, under circumstances from which a dedication may be inferred, or in any mode except by what is equivalent to a conveyance, an easement only is acquired, and the fee remains in the original owner or proprietor.

7. EASEMENT — *passes by grant of adjacent premises.* An easement may pass without express mention, as an incident to the grant of the adjacent premises ; but the fee in one piece of land not mentioned in the deed will not pass as appurtenant to another tract granted by an accurate description, giving it a definite and limited boundary.

8. MIXED QUESTION OF LAW AND FACT. Whether a plat of an addition to a town, or of the subdivision of a lot in a city or town, is made in conformity with the statute, is a mixed question of law and fact.

9. ESTOPPEL — *to claim easement in vacated street.* While it is true that the owners of lots abutting upon a street cannot be deprived of ingress and egress to the same without compensation, yet, when such street is vacated by the corporate authorities, upon their petition to have the same done, they will be estopped from asserting that an easement remains in the corporation for their benefit, and cannot invoke the principle in defense

to an action of ejectment by the owner of such vacated street to recover possession.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

This was an action of ejectment, brought by Abner Reeves against Charles Gebhardt, for certain real estate in Bronson's addition to the city of Chicago.

It appeared that Reeves, being the owner of four lots in Bronson's addition, subdivided them into twenty-seven lots, with streets and alleys, and that the defendant afterward acquired title to certain lots of this subdivision, and that, several years after this, the city council of Chicago, on petition of the property holders, vacated the streets and alleys. Subsequently, and before the commencement of this suit, the defendant took possession of those portions of the vacated alley adjacent to two of his lots, and also entered and built a house upon the thirty feet, or one-half of the vacated street adjoining one of his lots on the west. This suit was brought to recover possession of said parcels so occupied, which formerly were in the alley and street. A trial was had before the court, without a jury, who found for the plaintiff, and gave judgment for the land. The defendant brings the case here by appeal.

Messrs. NISSEN & BARNUM, for the appellant.

Messrs. GOUDY & CHANDLER, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Whatever may be the decision in other States, under statutes similar or identical with ours, it is settled definitely in this State, that where a plat is executed, certified, acknowledged and recorded in conformity with the provisions of the statute of 1845, in relation to laying out towns, additions and subdivisions of lots, the fee of all that portion of the land designated as streets and alleys becomes absolutely vested in the

corporation of the town or city, in trust for the use and bene-
fit of the public. If the plat is recorded before the town has
a corporate existence, the fee remains in abeyance, subject to
vest in the corporation as soon as created. Making and record-
ing the plat operates as a grant of the fee of the land com-
prised in the streets and alleys, to the corporation of the
municipality, as effectually as would a deed. *Trustees* v. *Haven*,
11 Ill. 554; *Hunter* v. *Middleton*, 13 ib. 50; *Manly* v.
*Gibson*, ib. 308; *Leech* v. *Waugh*, 24 ib. 228; *Stephani* v.
*Brown*, 40 ib. 428; *I. B. & W. R. R. Co.* v. *Hartley*, 67 ib.
439; *St. John* v. *Quitzow*, 72 ib. ——.

But in cases of an ordinary highway, or where the town or
city obtains a street or alley by dedication, or by condemnation
under the right of eminent domain, or where urban property
has been laid off and platted by the owner into lots, with streets
and alleys intersecting each other, under circumstances from
which a dedication might be inferred, or, indeed, in any mode
except by what would be equivalent to a conveyance, only an
easement is acquired, the fee remaining in the original owner
or proprietor. *I. B. & W. R. R. Co.* v. *Hartley, supra.*

The defense in this case is placed principally upon the latter
proposition. Assuming the plat of the subdivision made by
plaintiff, of lots owned by him, did not conform to the statute,
it is contended, it created an easement in favor of the public
in the street and alley in question, but did not convey the fee
to the city; and hence it is said the fee remained in the pro-
prietor, and passed to the defendant, by the conveyance to him
of the abutting lots, burdened with an easement, which was
wholly removed by the subsequent vacation and abandonment.

Whether the plat of the subdivision of plaintiff's lots was
made in conformity with the statute of 1845, is a mixed
question of law and fact. The record and plat having been
destroyed by fire, resort to secondary evidence was necessary
to establish the contents. Although the evidence does not
show affirmatively a literal compliance, it does show a sub-

stantial compliance with the provisions of the statute, and that is all the law requires. In all essential matters, an exact compliance is shown. Enough was proven to warrant the finding of the court.

Objection is made that Clayton, who made the survey, plat and certificate, was not a county surveyor. After the destruction of all written evidence of his official capacity, the presumption in favor of the validity of the acts of a *de facto* officer should be indulged, in the absence of proof to the contrary, it was made by an officer authorized by law to act, either by a county surveyor, or by one licensed by the city under its charter, with the same power as county surveyors. But, waiving all presumptions in favor of the legality of the acts of the officer acting, the plat and certificate are not necessarily invalid because not executed by a county surveyor. Although made by another surveyor, it may still have all the force of a statutory conveyance of the streets and alleys to the city, in trust for the public. Repeated decisions of this court hold it is the acknowledging and recording of the plat that vests the fee in the corporation. *Trustees* v. *Haven ; Manly* v. *Gibson ; Hunter* v. *Middleton, supra.*

It cannot be deemed essential who did the manual labor of making the survey and plat, so they are accurately done. The conveyance derives its validity from the acknowledging and recording of the plat by the owner of the lands. Of this same class is the objection no corner stone was designated on the plat. There were other monuments from which the location of the lots, streets and alleys could be ascertained with equal certainty. This is all the purpose to be accomplished by designating a stone as a corner, and it cannot be the absence of the particular monument described in the statute, when another is indicated as effectual for that purpose, vitiates and renders void the plat as a statutory conveyance. Hence, regarding the plat as having been executed, certified, acknowledged and recorded in substantial compliance with the statute of 1845, it

39—75TH ILL.

follows, the fee of the street and alley designated became vested in the city, in trust for the public.

The street and alley having been vacated by an ordinance, and the use of them abandoned, the question arises, what becomes of the fee that was in the city? Does it revert to the original owner, or does it go to his grantee of the adjacent lots? Under the previous decisions of this court, the inquiry admits of but one answer—it reverts to the original owner. *Hunter* v. *Middleton; St. John* v. *Quitzow, supra.*

The exact question arose in *St. John* v. *Quitzow,* and it was ruled, where the fee of the street had been vested in the town, but subsequently vacated by authority of law, and its use abandoned, the fee returned to the original proprietor. The decision of this branch of the case might be placed on the authority of that case alone; but a brief reference to the principles underlying that decision may be justified by the importance of the interests involved.

Under our statute, by the making, acknowledging and recording of the plat of a town, addition or subdivision of lots, the owner of the land voluntarily parts with all his title to the streets and alleys, and transfers it to the corporation. The legal effect is precisely the same as if he had made a direct conveyance to the corporation, in trust for the public. All interest in the estate that was in the owner becomes vested in the corporation. No limitation is fixed to the existence of the trust. It may endure forever. Until the municipality shall elect to abandon the use of the streets and alleys, the former owner has no interest whatever in the land embraced within them, — absolutely nothing, within any definition of estate or property, that he could sell and convey. It had all passed to the corporation by the former grant, subject only to the possibility it might revert to him, if the contingency ever happened the municipality should ever abandon the trust. Logically it follows, by the grant of the adjacent lot, the grantee takes no interest under his deed in the street or alley, other than what

he acquires in common with the public. An easement may pass, without express mention, as an incident to the grant of the adjacent premises; but there can be no authority found, either in reason or justice, for the proposition, the fee in one piece of land, not mentioned in the deed, passes as appurtenant to another tract granted by an accurate description, giving it a definite and limited boundary. *Jackson* v. *Hathaway*, 15 Johns. 448; *Tyler* v. *Hammon*, 11 Pick. 193; *O'Lindar* v. *Lathrop*, 21 ib. 292.

The principle is, the limits of his lot mark the boundary beyond which the title of the grantee does not extend. This is not like a title of an ordinary highway, or a case where an easement is acquired over a street in a mode other than by a statutory or direct conveyance. In such case the fee remains in the original proprietor, burdened with an easement in favor of the public, and will pass with the grant of the abutting premises. His conveyance, by operation of law, carries the title to the centre of the highway, as a part and parcel of the grant, if there be no words of limitation. The fee is his to grant, and the rule is founded on a presumption that prevails as to the intention of the grantor, as well as the policy of the law. No doubt the rule, in its practical operations, subserves the public good by preventing the existence of strips of land of no great value, formerly a part of the highway, but on the abandonment of which would induce profitless and vexatious litigation. 3 Kent, 433.

It is conceded the lot owners abutting on a street cannot be deprived of ingress and egress without compensation, or waiver of it. But defendant cannot invoke the aid of this principle to sustain his defense. The vacation of the street and alley was made upon petition of the adjacent lot owners, among whom was the defendant. He is, therefore, estopped from asserting that an easement remains in the city for his benefit.

It was under the act of 1851 the street and alley in question were vacated. Counsel misconceive the scope and effect of

that act. By its provisions, the corporate authorities of the city were authorized, upon petition of the property owners, to vacate the streets, and convey, by quitclaim deed, any interest the city had in the street, to the owners of lots and lands next adjoining. The proposition relied on is, this law, in force when the plat was made, in some way made a contract for plaintiff, by which he, in effect, disclaimed, in favor of his grantee, all interest in the street, in case it should thereafter be vacated, and agreed that whatever interest the city may have had therein should be conveyed to the adjoining owners. Two answers suggest themselves. First: The city possessed no power to grant the fee in a public street or alley for private purposes, nor does the act in question purport to confer any such authority; it simply authorizes the city to release whatever interest in the street it could lawfully convey. Second: The fee plaintiff had in the street and alley could not be divested and transferred to the adjacent lot owners by direct legislative action; nor could authority be given to any agency to do it for private purposes. An intention to take the property of one man and transfer to another, without compensation, ought not to be attributed to the legislature, where a different motive may be assigned for its action. A law that would have that effect, or that would authorize it to be done, would be palpably in violation of the constitution, as well as unjust. The act we are considering admits of the construction first indicated, consistently with the constitution, and in that view it works no injustice. This point was expressly ruled in *St. John* v. *Quitzow,* and to the same effect is *Jackson* v. *Hathaway, supra.*

The finding of the court was warranted by the law and the evidence, and its judgment must be affirmed.

*Judgment affirmed.*

Mr. JUSTICE SHELDON dissenting, on the ground that on vacation of the street it reverted to the then owners of the adjoining lots.

Mr. JUSTICE McALLISTER dissented upon the same ground.