# The Chicago and Northwestern Railway Company

*v.*

## The People *ex rel.* The City of Elgin.

1. LIMITATION—*possession must be adverse during requisite period.* Under the twenty years limitation law, in order to constitute a bar, the possession of land must be held adversely during the full period of twenty years. If adverse in its inception, but before the expiration of such term the possession is held under an agreement with the owner permitting the use of the land, the statute will not apply and no bar will be created.

2. ESTOPPEL IN PAIS—*applies to municipal corporations.* Where the authorities of a city acquiesced for nineteen years in the use of a public street by a railroad company, in maintaining an arch over the street, and then made an agreement in writing whereby the right to so use the street was continued until it should be necessary to rebuild the arch, it was *held,* that the city, by these acts of recognition and acquiescence, was estopped from compelling the company to remove the arch and obstruction, until it should become necessary to rebuild the same.

3. STREETS—*city may allow their use for railroad.* A city has the power to allow the construction of a railroad upon or over its streets, and the public will be bound by whatever may be lawfully done in regard to the streets by the city.

APPEAL from the Court of Common Pleas of the City of Elgin.

Mr. A. M. HERRINGTON, for the appellant.

Mr. EUGENE CLIFFORD, and Mr. E. C. LOVELL, for the appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was a petition for a writ of *mandamus*, brought in the Court of Common Pleas of the city of Elgin against the Chicago and Northwestern Railway Company, to compel the company to remove a certain stone arch out of Galena street in the city of Elgin which was built by the company as a part of its road bed when the road was constructed in 1851 or 1852.

The street appears to be 66 feet wide, and the stone arch, upon which the road bed is constructed, where the road crosses the street, occupies about forty feet of the street, leaving but twenty feet for the use of the public in passing along the street under the arch.

It appears, from the evidence, that the street upon which the stone arch stands has been occupied and used by the railroad company as a part of its right of way through the city of Elgin from the time the road was constructed until the present time; that the railroad company has paid all taxes assessed upon the right of way, for State, county and municipal purposes, each year since the road was built.

On behalf of the defendant, it is contended that twenty years uninterrupted possession of the street by the railroad company, under the claim of ownership, and the right to use and occupy the same, constitutes a bar to a recovery in behalf of petitioners, under the Limitation law of 1827. Whether the railroad company has the right to invoke the aid of the Statute of Limitations as against the public or the municipal authorities of Elgin, is a question which does not properly arise upon this record, and will not be considered. In order to avail of the provisions of the Statute of Limitations, the possession, to constitute a bar, must be held adversely for a period of twenty years. Such was not, however, the case here.

From the time the street was taken possession of in 1851 until 1870, the occupation of the railroad company might be regarded as adverse, but on the 5th day of May, 1870, a contract was made between the railroad company and the city of Elgin, as follows:

This agreement, made this 5th day of May, 1870, between the Chicago and Northwestern Railway Company, a corporation of the States of Illinois, Wisconsin and Michigan, party of the first part, and the city of Elgin, Illinois, party of the second part,

Witnesseth, that whereas the said party of the first part is now in possession of Bridge and Galena streets on the west

side of Fox river, in said city of Elgin, and occupies the same by its embankment and bridges, and whereas, the common council of the said city of Elgin, on the 27th day of February, A. D. 1869, passed an ordinance vacating a portion of North street on the east side of Fox river, and a portion of South street, on the west side of Fox river, in said city of Elgin, conditional that said ordinances should not be so construed as to affect the rights of the city in relation of said Galena and Bridge streets;

Now, therefore, in consideration of the sum of $1, and the further consideration of the vacating of said North and South streets, the said Chicago and Northwestern Railway Company, its successors and assigns, do hereby agree that whenever the bridges now built and standing in said Galena and Bridge streets shall be rebuilt, the same shall be so constructed as to leave the entire width of said streets free to the public under said railway.

In witness whereof the said Chicago and Northwestern Railway Company has caused this agreement to be signed by its vice-president and countersigned by its assistant secretary, and corporate·seal thereof to be affixed the day and year first above written.

[L. S.]        The Chicago and Northwestern Ry. Co.
                                    By R. H. Pierson, V. P.

Attest: J. B. Redfield, Asst. Sec'y C. & N. W. Ry. Co.

After the execution of this agreement by the railroad company, its possession and occupation of the street could no longer be regarded as adverse to the public or the city of Elgin, and the possession, however long continued, would not ripen into a bar, for the obvious reason that the possession, under the contract, could not be regarded as an adverse holding, but rather a possession and use of the property under the permission of the city of Elgin, according to the terms and conditions of the written contract, which should be held obligatory upon the city of Elgin and the railroad company, as was doubtless

the intention of each of the parties when the contract was executed.

But, while the railroad company can not in this case defeat a recovery on the ground the Statute of Limitations has run, yet there is a defence of a kindred nature, which is a complete bar to a recovery. The long acts of recognition by the city of Elgin, of the right claimed by the railroad company to the use of the street as a part of its right of way, the acquiescence in the exercise of the right in connection with the contract which the city made with the railroad company in 1870, must be regarded an *estoppel in pais* against the city.

What contract was made between the city of Elgin and the railroad company, at the time the road was built through the city in 1851, in regard to the use of the street for the right of way, does not appear in the evidence. Doubtless some arrangement was made which was satisfactory to the parties. If this had not been the case, it is unreasonable to believe the railroad company would have been permitted to occupy the streets so long without a murmur or a word of objection from the city. That the city had the power to allow the streets to be used by the railroad company, is not denied, nor is it an open question that a street or highway may be legitimately used by a railroad company in the construction of a railroad. *Murphy* v. *City of Chicago*, 29 Ill. 279.

The stone arch which occupies a part of Galena street, and which the writ in this case is invoked to remove, has remained in the street from 1851, as a part of the road bed of the company, and so far as appears, no objection was made by the city to the use of the street in the manner it was used, until in 1870, when the city expressly agreed that the arch should remain until such time as it became necessary for the company to rebuild, when it should be so constructed as to leave the entire width of the street free to the public. In addition to these plain and unequivocal acts of recognition of the use of the street, the revenues of the city of Elgin have been from year to year replenished by the assessment of the right of way of

the railroad company, including the property in controversy, for taxation. From these various acts, should the city be estopped now from claiming the right to compel the railroad company at a heavy expense to remove the arch from the street? That the doctrine of *estoppel in pais* should be applied in a case of this character, we think is fully recognized by the authorities.

Dillon on Municipal Corporations, section 533, after discussing the doctrine of pleading the Statute of Limitations against a municipal corporation, in a case of this character, concludes as follows: "But there is no danger in recognizing the principle of an *estoppel in pais* to such cases, as this leaves the courts to decide the question, not by the mere lapse of time, but by all the circumstances of the case, to hold the public estopped or not, as right and justice may require." In *Chicago, Rock Island and Pacific Railroad Co.* v. *City of Joliet,* 79 Ill. 25, which was a bill in chancery to restrain the operation of the railroad over certain streets in the city and the public square, the doctrine of *estoppel in pais* was applied, and it was said: "From all these positive acts of recognition on the part of the city of Joliet, of the right claimed by the railroad company, and long acquiescence in its exercise, there must be held to be an *estoppel in pais* against the city, if that principle be applicable at all to municipal corporations as respects public rights." What was said in the case cited applies with much force to the case under consideration.

The city of Elgin not only acquiesced in the right of the railroad company to occupy Galena street in the manner it did, for nineteen years, but at the end of that time made a solemn written contract which continued the right until it should be necessary to rebuild the arch.

The fact that the proceedings are in the name of the people does not affect the question here involved. The fee of the streets rested in the city of Elgin in trust for the public, and the public will be bound by whatever may have been lawfully done in regard to the streets by the city. Our conclusion is,

that the railroad company has the right to occupy Galena street, as heretofore, until it becomes necessary to rebuild the arch,—then the arch will have to be so constructed as to leave the entire width of the street free and clear from obstruction.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*