HENRY SCHMITZ

v.

B. RITTERHOLZ.

TRESPASS.—Where for twenty years after the platting of an addition, there was no municipality organized, capable of taking the fee in the streets dedicated to public use by the plat, and after such organization over ten years elapsed before any right to the street was asserted by the village, one who proceeds to tear down fences and buildings, and justifies such action on the ground that the *locus in quo* is a street in the village, and that he was ordered by the village trustees to open the streets, should show that the *locus in quo,* even if originally dedicated as a street, was within the limits of the village, and that the village authorities had legally accepted the dedication.

APPEAL from the Circuit Court of Clinton county; the Hon.

Schmitz v. Ritterholz.

AMOS WATTS, Judge, presiding. Opinion filed November 24, 1886.

Trespass *quare clausum fregit*, with claim for damages for tearing down the barn, shed and fences of the plaintiff; with justification by the defendant that the *locus in quo* was a street in the village of Germantown in said county of Clinton, and he was ordered by the village trustees to open the streets, and in doing so necessarily had to commit the acts charged to be trespasses. The court trying the cause, without a jury, found for the defendant, and entered a judgment for costs against the plaintiff, Schmitz, from which he appealed.

Messrs. VAN HOOREBEKE & FORD, for appellant.

Messrs. MURPHY & ANDREWS, for appellee.

PILLSBURY, J. It appears from the evidence that one Schwake, on December 30, 1852, platted an addition to Germantown, which was duly acknowledged and recorded. The surveyor's certificate, as well as the figures marked upon the plat, shows that lot " 17 " in block " E " being the plaintiff's lot was seven poles wide. All the corner lots were of the same width, the inside lots being eight poles and the streets two poles wide. The first organization of the village was under the act of 1872, and the village trustees in that year caused a map of the village to be made, in which the corner lots, plaintiff's being one of them, are noted as being but 105½ feet in width. Munster street is marked thereon as running through the village, including Schwake's addition on the west of plaintiff's lot. The plaintiff obtained his title to the lot from Schwake in May, 1853, and immediately fenced it and placed his buildings within his inclosure. This fence has remained there ever since until torn down and removed by the defendant. Schwake's addition, when platted, was in a field surrounded by a fence, and so continued until long after plaintiff fenced his lot. The village authorities, in December, 1885, claiming the fence was in the street, ordered the street opened, and that the street commissioners remove any obstructions

therein, and acting under this order the defendant tore down the plaintiff's fence and buildings. Nothing being done toward opening this street for more than thirty years after it was fenced up the presumption ought perhaps to be indulged that the public authorities had abandoned it as a public way, especially as there is no evidence that it ever was opened or worked opposite the lot of the plaintiff. If the evidence was clear that the plaintiff had always claimed adversely to the public, this presumption would most likely be sufficient to establish the fact; but as there was evidence in the case tending to show that the plaintiff recognized the existence of a street, as platted by Schwake, we are not prepared to say the court was not justified in finding for the defendant upon that point in the case.

There is, however, no evidence in the case that the village authorities, since its organization in 1872, have ever legislated in any respect concerning the streets and alleys of the village. No ordinance was shown adopting the plat made by Schwake, defining the limits of the village, nor providing against obstructions in the streets, and declaring such obstructions in the streets illegal. Neither does it appear that the map made by it in 1872 was ever adopted or recognized by any action of the village board as correctly describing the streets, alleys and blocks of the village, although it appears to be certified by certain persons describing themselves as trustees, that it is a correct plat of the village ; but this can not be held as binding the village board nor equivalent to action by it. Indeed there seems to be an entire lack of evidence in the record that would authorize the village authorities by their street commissioner to enter upon the inclosure maintained by him for over thirty years, and tear down and destroy his buildings ; after such a length of time it ought to appear at least that Schwake addition is a part of the village, and that the village by some appropriate action, as repairing the streets, or by direct legislation, has recognized and accepted the tract platted by Schwake as a part of the village and within its limits. It will be noticed that the defendant justified the destruction of plaintiff's buildings upon the ground that he was ordered to do so

Schmitz v. Ritterholz.

by the village trustees. For nearly twenty years after the platting of Schwake's addition there was no municipality organized capable of taking the fee in the streets dedicated to public use by the plat, and after such organization over ten years elapse before any right to the street is asserted by the village. Under such, circumstances we think the defendant should show that the *locus in quo*, even if originally dedicated as a street, was within the limits of the village as organized, and the acceptance of the dedication by the village authorities in some manner which would indicate that it had accepted the care and superintendence of the streets in that addition. The mere fact that the plaintiff had admitted that he built the fence originally in the street does not authorize the village to tear his buildings down, unless it further appear that it has legally accepted the dedication, and the plaintiff had obstructed the street within the territorial jurisdiction of the village; again, *prima facie*, the entering upon the premises of the plaintiff and tearing down his improvements makes the defendant a trespasser, and unless he justifies by showing some legal right to do the acts he is a *tort feasor* and must respond in damages. He must justify each and every of his acts in order to be exonerated. He claims here that the plaintiff's buildings were in the public street, but makes no showing where the line of the street is, except by saying that he measured by a tape line from the fence, and cut down the building where he supposed the line was ; no one can say from an examination of the record that the defendant kept within the limits of the street if any existed at the point in question. If he cut down the building to the line indicated by the plat of 1872, thus narrowing the plaintiff's lot to 105½ feet, it is clear that he has gone beyond the line of street, as Schwake's plat and dedication show his lot to be ten feet wider. The evidence is not clear as to the distance from the line between the lots to the center of the street as measured by the defendant. The defendant cut down the plaintiff's barn, and as he takes the burden of showing that he kept within the line of the street, he should establish that he did not go beyond the line of the street according to the original plat and dedi-

cation of Schwake; that survey and plat determines the right of the plaintiff to his lot and the public to the street. This he has not done, and consequently he has failed fully to justify his forcible entry upon the premises of the plaintiff. For the reason stated we think there should be another trial of the cause and therefore reverse the judgment and remand the cause.

Reversed and remanded.