# Henry Schmitz

## v.

## Village of Germantown.

*Municipal Corporations—Additions—Streets—Statutory Dedication— Failure to Accept—Estoppel—Instructions.*

1.　An acceptance is as necessary to complete a statutory dedication as one at common law.

2.　In the case presented, this court holds that the failure of the municipality to accept the statutory dedication of the street in question estops it to open the same to the injury of a person having had undisturbed possession of a portion thereof for thirty-two years.

[Opinion filed March 1, 1889.]

IN ERROR to the County Court of Clinton County; the Hon JESSE JONES, Judge, presiding.

Messrs. VAN HOOREBEKE & FORD, for plaintiff in error.

Mr. M. P. MURRAY, for defendant in error.

GREEN, P. J.   This suit was brought by Henry Schmitz before a justice; a trial there resulted in a verdict and a judgment for plaintiff.   The village appealed to the County Court, where the verdict and judgment were against Schmitz, and he sued out this writ of error.

So far as the evidence is concerned, we perceive no essential difference between this case and Schmitz v. Ritterholtz, 20 Ill. App. 614, where the facts and the law applicable thereto are so fully stated in the opinion as to much abridge our labor in this case.   The *locus in quo* is claimed by defendants in error to be one of its streets in Schwake's addition to Germantown, the plat of which was acknowledged and filed for record by Schwake March 8, 1853.   In the fall of 1852 plaintiff, claiming as owner under a contract of purchase with Schwake, entered into possession of an acre of land embraced in the territory so platted, received and filed for record his deed therefor, March 2, 1853, erected the fence and building on the said premises at the time he took possession, which were torn down by defendant's street commissioner, and from the fall of 1852, during all the time up to December, 1885, when the alleged trespass was committed, plaintiff remained in the undisturbed peaceable possession of said land, including the *locus in quo*, maintained and from time to time repaired the said fence and building thereon, and no acceptance by the village of said addition is shown or evidenced by any action of the board of trustees, or by any use, or by opening, repairing, or assuming control over the streets by said village, during a period of more than thirty-two years after said plat was acknowledged and recorded.

We think the doctrine of estoppel *in pais* applies here, and the village, by non-acceptance of the offer of dedication,

and its acquiescence for so long a period after its organiza-
tion in plaintiff's continued possession and open exercise of
dominion over the *locus in quo,* whereby he was induced to
arrange the improvements thereon for a residence and make
expenditures and place himself in a position he would not
otherwise have occupied, is estopped to now set up its right
to open said street as a defense to this action.    C. & F. R.
W. Co. v. People ex rel. City of Elgin, 91 Ill. 251; C. R.
I. & P. R. R. Co. v. Joliet, 79 Ill. 25.

We are also of opinion that an acceptance by the village
was necessary to *complete* the dedication offered by Schwake
in 1853, and that an acceptance is as necessary to complete a
statutory dedication as it is to complete a common law dedi-
cation.    Littler v. City of Lincoln, 106 Ill. 353; Ham-
ilton et al. v. C., B. & Q. R. R. et al., reported in Ad. Sheets
No. 2, Vol. 124, Ill. Rep., page 235.    In the latter case, in the
opinion, it is said : "An acceptance is necessary to make a com-
plete dedication under the statute; until acceptance the fee
does not vest in the municipality, but remains in the original
proprietor; hence, a conveyance of the lots before acceptance
carries the title to the center of the street; the fee in the
street passed to the grantee by the conveyance; not the fee
absolutely, but the fee burdened with the offer of dedication,
which had been made, but not accepted.    Gebhardt v. Reeves,
75 Ill. 301, went upon the assumption that there had been a
complete dedication before the conveyances there were made;
no question of acceptance arose in that case.    And the court
also say, referring to cases in 11th and 13th and 75th Ill.
(cited in the brief of defendant in error in this case), reliance
is placed upon a literal reading of the statute that such plat
shall be deemed in law and equity a sufficient conveyance to
vest the fee simple  *  *  *  in trust to and for the pur-
poses set forth and expressed, and upon expressions which
are found in (said cases cited), that, 'in the recording of the
plat the fee in the streets *eo instanti* passes to the corpora-
tion.' "

" The acknowledgment and recording of a town plat vests
the legal title to the ground embraced by the streets and

alleys in the corporation of the town; but in these cases there was no question raised or considered as to acceptance of the dedication by the municipality." It is also further there said : "It is well settled at common law, to make a complete dedication there must be acceptance—not any formal act of acceptance, but there must be user, or some other act indicating acceptance by the authorities, in order to complete the dedication; and this principle applies to statutory dedications, by the making, acknowledging and recording of a town plat, as well as a common law dedication, as has been expressly decided by this court;" citing several cases. We apprehend there can be no doubt as to the meaning of this decision, or that by it the Supreme Court announces the doctrine that an *acceptance* by the municipality of a statutory dedication, is as necessary to *complete* it as it is to complete a common law dedication; and it would seem entirely logical if it be conceded the municipality could not open, improve and take control of streets platted in an addition dedicated under the provisions of the statute until the dedication was accepted; that the municipality could not insist upon *a right to exercise* such control, and direct its officer to tear down a fence and building erected on the space left for a street on the plat of said addition, without *acceptance* of the dedication, under the pretext such structures were obstructions in a *street* of the corporation. However this may be, we regard the cases we cite as decisive of the point that an acceptance of the dedication offered by Schwake was necessary to make it complete and vest the fee of the street in the village of Germantown, and such acceptance not having been shown, the defense based on a dedication fails. It follows that the instructions stating the law differently and in conflict with the views herein expressed are, in our opinion, erroneous; that the motion for a new trial ought to have been sustained, and it was error to overrule it and enter judgment on the verdict. The judgment is reversed and cause remanded.

*Reversed and remanded.*