# THE UNION COAL COMPANY
## v.
# THE CITY OF LA SALLE.

*Municipal Corporations—Streets and Alleys—Title to—Right to sell Underlying Coal.*

A city has the right, as incident to its title in fee simple in its streets and alleys, to make any appropriate and lawful contracts for mining and taking coal from under its streets, provided always that all such contracts must be subject to the free and unobstructed use of the streets and alleys, so as in nowise to impair their usefulness, nor render them in any manner dangerous, and they must also be so made as not, in point of time, to exceed the legal existence of such corporation, nor the legal existence of any street or alley in such city.

[Opinion filed December 16, 1889.]

APPEAL from the Circuit Court of La Salle County; the Hon. DORANCE DIBELL, Judge, presiding.

Messrs. DUNCAN, O'CONOR & GILBERT, for appellant.

The city does not possess either an absolute or a qualified power to sell the coal underlying its streets. The Mattheissen, etc., Zinc Co. v. La Salle, 117 Ill. 411; Alton v. Illinois Transportation Co., 12 Ill. 38; Jacksonville v. J. R. W. Co. 67 Ill. 541; Stack v. East St. Louis, 85 Ill. 378.

Mr. R. D. McDONALD, for appellee.

C. B. SMITH, J. This was an action in trespass, brought by appellee against appellant. The declaration charged the defendant with breaking, entering, mining and carrying away certain coal found in veins underlying the streets and alleys of the city of La Salle, which streets and alleys were named in the declaration. The plea was not guilty and the case was tried by the court without a jury, by agreement, upon the following agreed state of facts, viz.:

"For the purpose of the trial of the above entitled cause the following facts are agreed upon:

"1st. That the city of La Salle is located on section fifteen (15) in township thirty-three (33) north, range one (1), east of the third (3d) principal meridian, and upon land formerly owned by the State of Illinois, being a portion of the land donated to said State by the general Government to aid in the construction of the Illinois & Michigan Canal.

"2d. That the trustees of the Illinois & Michigan Canal, by virtue of the authority conferred upon them by the laws of said State, did, on the 18th day of June, A. D. 1838, plat said section, and laid the same off into lots, blocks, streets, alleys and public squares, by a certificate executed by the said board of trustees.

"3d. That underlying the streets, alleys and public squares of said city are several workable veins of coal, such veins of coal underlying solid strata of rock of several hundred feet in thickness.

"4th. That said coal can be mined from beneath said streets, alleys and public squares, without injury to the surface of said streets, or in any manner impairing the usefulness thereof as public highways.

"5th. That said trustees of the Illinois and Michigan Canal have sold, disposed of and conveyed to sundry and divers persons all of the lots and blocks so platted by them upon said section fifteen.

" 6th. That the said defendant, by conveyance from the respective owners thereof, and through *mesne* conveyances from the State of Illinois, or the said board of trustees acting on behalf of said State, has purchased all the coal underlying the several lots and blocks in said city of La Salle, which are situated west of the west line of Joliet street in said city, and are desirous of obtaining the right in connection therewith, by purchase or otherwise, to mine the coal underlying the streets, alleys and public squares to the west of Joliet street in said city.

" 7th. That said city of La Salle is willing to sell the said coal, together with the right to mine and remove the same, at the sum or price of fifty dollars per acre for the coal so underlying the said streets, alleys and public squares; but a controversy exists as to the right of the city to sell and dispose of said coal.

" 8th. That said defendant has, without permission of said city, mined and removed coal from beneath the said streets of said city, to the amount in value of one thousand and fifty dollars ($1,050), such value being fixed at the rate of fifty dollars ($50) per acre for the coal so mined.

"9th. The parties thereto have agreed, that in case said city has the right to sell said coal, that the reasonable damage for the said coal thus mined by the said defendant is the sum of fifty dollars ($50) per acre for the coal actually mined, as aforesaid, and in case said city has a right to sell said coal it is willing to sell for a like sum per acre all the coal, in addition to the coal mined, underlying all streets, alleys and public squares to the west of said Joliet street, in said city. And if it shall be determined by the final adjudication of the courts of this State that the city of La Salle had a legal right to sell and dispose of the said coal underlying its said streets, alleys and public squares, that then, and in such case a judgment shall be rendered against the said defendants for the value

of the coal thus mined, computed at the sum or price of fifty dollars ($50) per acre for the coal actually mined, as aforesaid.

" And it is further agreed, that if it shall be finally determined by the courts of this State that the said city of La Salle has no right to sell or dispose of the said coal, that then and in such case the judgment to be entered herein shall be in favor of the defendant, the city not desiring and hereby expressly waiving all right to recover merely nominal damages for the mining of said coal, or any damages whatever in case it has no legal right to sell said coal. The question to be settled by the adjudication of the courts as desired by both parties is the right of the city to sell and dispose of the coal aforesaid, at its market value, it being conceded that no actual damage to the surface of the streets, or to the use of the streets for public purposes, has been or will be occasioned by the mining of said coal.

" DUNCAN, O'CONOR & GILBERT,<br>
" Attorneys for the Union Coal Company.<br>
" R. D. McDONALD,<br>
" Attorney for City of La Salle."

The foregoing agreed statement of facts was all the evidence introduced by either party upon the trial of said cause.

Upon this agreement the court found the defendant guilty and assessed the plaintiff's damages at the sum of $1,050, and gave judgment for the plaintiff for that amount, to which the defendant then and there excepted. The defendant brings the case here on appeal, and assigns for error that the finding and judgment of the court is against the evidence and the law, and that the court erred in its holding upon the legal propositions submitted.

It will be seen, that while appellee brings its action in trespass, it expressly waives the trespass in the ninth clause of the stipulation, and then limits its right of recovery upon its right to sell the coal. The manifest and plainly expressed object of this suit is to obtain a judicial determination of the single question of the right of appellee to sell by contract the right to mine coal under its streets and alleys, including the present right of the city to be paid for what has already been mined.

It seems to us the answer to this question is so plain that little need be said to demonstrate the absolute and unquestionable right of the plaintiff to recover in this suit. It has long been the settled law of this State that cities, towns and villages own the fee simple title in the streets and alleys, in trust, however, for the public under dedication from the owner. Trustees, etc., v. Haven, 11 Ill. 554; Gebhardt v. Reeves, 75 Ill. 301; Village of Brooklyn v. Smith, 104 Ill. 429. And such is the express provision of the statute. Sec. 3, Chap. 109, Starr & Curtis, p. 1754. This statute is a re-enactment of the statute of 1845. We understand appellant to concede that the appellee holds the fee simple title to the streets and alleys in trust for the public uses, but it seeks to limit any use or right the corporation may have to the streets or alleys, simply to the surface enjoyment, such as traveling on the surface of the street, or for such other surface use as the public or the municipality might lawfully exercise. It is insisted by appellant that the case of the Zinc Co. v. The City of La Salle, 117 Ill. 411, supports this view. We find no analogy between that case and the one at bar. In that case the Zinc Company filed a bill against the city of La Salle and certain individuals to restrain the city from interfering or bringing suits against it, for digging subterranean excavations *across* the streets and alleys of the city, and taking the coal resulting from such digging. The Zinc Company owned land and lots on both sides of the street and were mining coal under their own land, and desired to dig a passage under the streets at different places so as to cross from one side of the street to the other. It appears the city had, prior to this time, granted the right to certain private parties, by some kind of contract (not stated)—the right to mine the coal under the streets, and these parties and the city were threatening to prosecute the Zinc Company for digging under the streets; hence the bill. The court below, on hearing, granted a perpetual injunction. On appeal to the Appellate Court this decree was reversed, and on further appeal to the Supreme Court the judgment of the Appellate Court was affirmed.

The question of the right of the city itself to mine and sell

the coal, or its right to sell it in the ground to another, or the right to recover for the value of the coal already mined, was in no wise involved or raised or considered by the court in that case. There is this single expression used in the opinion, viz.:

"The city disclaims the right to mine coal herself, and no one insists that she has authority to confer that right upon others," which appellant insists amounts to a recognition of its position and claim, but we do not so understand it. This seems to have been a mere incidental remark made by the judge writing the opinion, and only amounts to a statement that such claim had not been made, and of course, not being made, called for no adjudication by the court and received none. But the remark seems to be inaccurate. The reporter, in his preface to that case, states that the bill recited that the city had in fact made a contract with private parties to mine the coal under its streets, which would be an assertion of a right to dispose of the coal, if the statement of the reporter is correct.

The other cases cited by appellant have no analogy in fact or principle with the case at bar.

If it be true, then, that the city owned the fee in its streets and alleys, it also owned everything below as well as upon the surface, no matter how deep down into the earth. Suppose this coal instead of being found several hundred feet below the surface, had been found on top of the ground, lying in its natural position on, or in the line of the street; would any one pretend that the city might not mine the coal, so far as it could be done without injury to the street, and that after so mining it they might not sell or use it or make lawful use of it? Or, suppose instead of finding coal, the city should, on or near the surface of its streets, find any other precious or valuable ores or mines which they might use without detriment to the public use of the street, and without violation of the trust would it be compelled to give or throw away such valuable property to whoever might take it simply for want of power in the city to use its own property? We think such a proposition can find no authority in reason or law. But, if it needs

either, a very clear and strong case will be found in City of Des Moines v. Hall, 24 Ia. 234. In that case the city brought suit against Hall for taking coal under its streets. The defense there was the same as here, but the court held that the city was the owner of the fee in the streets, and owned everything below the surface, and had the right to recover for the trespass in taking the coal. That case seems to be exactly like this in its facts.

We are therefore of opinion that the plaintiff had the right to recover for all the coal taken out under the stipulation, and that the city has also the right as incident to its ownership to make any appropriate and lawful contracts for mining and taking coal from under its streets, provided always that all such contracts must be subject to the free and unobstructed use of the streets and alleys, so as in no wise to impair their usefulness, nor render them in any manner dangerous; and they must also be made so as in point of time not to exceed the legal existence of such a corporation, nor the legal existence of any street or alley in such city; but the court expressly declines to hold what would be a valid contract under such power.

Objections are made to the action of the court, in holding and refusing to hold certain propositions of law, upon the trial. We have examined them carefully, and find them to be in substantial harmony with the conclusion which we have reached, and find no error therein. The judgment will be affirmed.

*Judgment affirmed.*