[No. 3736.]

OLIN v. THE DENVER AND RIO GRANDE RAILROAD CO.

1. STREETS AND ALLEYS—VACATION—REVERSION.

Where by filing a plat of an addition to a city the fee to the streets and alleys becomes vested in the city for the uses expressed in the plat, upon the vacation by the city of any street or alley, the title to such street or alley reverts to abutting lot owners, and not to the dedicator, where such lots have been conveyed by the dedicator by unrestricted deeds of conveyance; the lot owners on either side of such street or alley taking to the center thereof.

2. STATUTE—ADOPTED FROM OTHER STATE—CONSTRUCTION.

The rule that a legislature adopting a statute from another state is presumed to have intended to adopt such statute with the construction given such statute by the courts of such state, does not apply to constructions made after the statute has been enacted by the adopting state.

3. STREETS AND ALLEYS—VACATION—REVERSION—CONSIDERATION.

The enhanced value paid for a town lot on account of the streets and

alleys is a sufficient consideration to support a reversion of title to a street vacated by the city.

4. Obiter Dictum.

The *dictum* of a court on a question not involved in the case while entitled to respect is not controlling in a subsequent case where the question is presented for decision.

*Appeal from the District Court of Pueblo County.*

Mr. M. J. Galligan and Mr. James Owen, for appellant.

Messrs. Wolcott & Vaile and Messrs. Pattison, Waldron & Devine, for appellee.

Mr. Justice Gabbert delivered the opinion of the court.

The vital question presented for determination in this case is, to whom does the title to real estate, dedicated for street purposes over lands platted as a town site, in accordance with the statutes of the state, revert upon the vacation of the street?

This question arises upon the following facts: In 1872, E. W. Olin, as the owner of a tract of land platted and surveyed it as a town site, under the name of South Pueblo, which tract included within its limits a portion of a street designated on the plat thereof as B street. Shortly after the platting of this town site, the fee simple title to the lots so platted abutting each side of a portion of B street became vested in appellee, which was the status of the title to such lots at the time of the commencement of this action. The conveyances through which appellee deraigns title to these lots described them according to the plat thereof, and by reference thereto. Subsequent to the date when appellee acquired title to these lots, and while it owned them, the city council of South Pueblo vacated that portion of B street upon which they abut, and it is this part of that street which is the subject of controversy between the parties to this action. After the vacation of this portion of B street, Olin conveyed whatever

OLIN v. D. & R. G. R. R. Co.

interest he had in these premises to appellant, who commenced an action to recover them from the appellee. It is conceded that whatever title to these premises inured to her grantor by virtue of the vacation of that portion of B street in controversy, she has acquired, he never having made any conveyance thereof other than to her, except such title as may have passed by conveyance of the abutting lots. The judgment of the trial court was in favor of appellee, from which appellant prosecutes this appeal.

Appellant bases her claim of title to the premises in dispute on the proposition that upon the vacation of that portion of B street which includes them, the title thereto reverted to the original dedicator, E. W. Olin, and she having succeeded to his interest is now the owner; while, on behalf of appellee, it is contended that upon the vacation of this portion of B street the title thereto vested in the then owner of the lots abutting thereon. The law in force at the time these premises were platted will be found in art. 11, ch. 84, p. 618, *et seq.*, of the Revised Statutes of 1868. Section 5 of this article provides, in effect, that the title to the premises designated as streets on a tract platted as a town site, shall vest in the city, in trust, for the uses expressed in the plat, and the statute thus specifically directing where the title to the streets shall vest, it is argued by counsel for appellant, that the grantee of lots in such plat only takes title to the ground actually included within the boundaries thereof, and no interest in the street abutting, and the title of the latter being held in trust by the city, that upon vacation it reverts to the original proprietor of the town site.

When a vendee purchases a lot marked upon a plat, reference being made to such plat for a description of the premises conveyed, the construction of the intention of the grantor making such conveyance is, that his vendee is entitled to all the appurtenant advantages and rights which the plat proclaims to exist, so far as the land included in it is owned by the grantor. *City of Denver v. Clements*, 3 Colo. 472. By such plat the right which each lot holder in the

premises therein described has in common with other lot
owners and the public, in the streets thereon designated, is
exhibited, and a reference to such plat makes it a material
part of the deed, and has the same effect as if it had been
incorporated in such conveyance. Ibid. When there is no
reservation in an absolute deed, the most valuable estate
passes of which the grantor is seized. Ibid. The conveyance
under which appellee acquired title to the lots abutting upon
the premises in dispute, refers to the plat, so that under the
authorities cited, such plat became a part of these deeds.
By this plat, it was apparent that the land so platted as streets
was for the benefit of the owners of the lots embraced in
such plat, as well as for the use of the public, and there be-
ing no reservation in any deed through which title was ac-
quired to the lots abutting upon that part of B street sub-
sequently vacated, whatever title the original dedicator of
this street had therein, passed to those who acquired title to
such lots, the general rule being, that where a grantor con-
veys a parcel of ground, bounded by a street, his grantee
takes title to the center of such street, to the extent that the
grantor has any interest therein, unless, by the terms of the
grant, the boundary of the granted premises is restricted to
the line of such street. 1 Warvelle on Vendors, 382; *In re
Robbins*, 34 Minn. 99; Martindale on Conveyancing, § 104;
*Kneeland v. Van Valkenburgh*, 46 Wis. 434.

It is contended, however, by appellant, that this rule is
not applicable in this case, for the reason that the fee to the
disputed premises was vested in the city, in trust, subject to
a reversion to her grantor, if vacated as a street, at the time
he parted with his title to the lots abutting thereon. This
proposition is based upon the assumption that the fee of the
street being in the city, the proprietor of the town site had
no interest in the street to convey, when he granted title to
the abutting lots, and therefore, granted none in such street.
This proposition is defeated by the express words of the
statute above cited. The platting of these premises as a
town site, in accordance with the provisions of this statute,

merely vested in the city the title to the ground therein re-
served as streets, in trust, for the purposes expressed in the
plat.thereof, namely, for the benefit and use of the abutting
lot owners, and the public for street purposes, whereby the
·city only acquired a qualified fee in such· streets for these
purposes; so that there still remained in the proprietor a re-
served right in such streets which was capable of being trans-
ferred by deed to the purchaser of abutting lots as rights
.appurtenant thereto, *Denver Circle Ry. Co. v. Nestor*, 10 Colo.
·403; *Kimball v. City of Kenosha*, 4 Wis. 321; and under the
rule above announced, governing the rights which the vendee
of a lot acquires in the street upon which such lot abuts,
E. W. Olin, when he conveyed title to the lots abutting the
premises in controversy, without any reservation, granted all
·his interest in the street which now includes such premises,
·subject to the easements created by the statute, *Kimball v.
City of Kenosha, supra;* and when such street was vacated,
the trust of the corporate authorities ceased to exist; and the
land embraced therein reverted to the adjoining owner, the
·one for whose benefit such trust was created. Whatever
may be the interest of the proprietor of a town site, in the
lots designated as streets, whether *in esse* or *in futuro*, they
having been specially set apart for the benefit of lot owners,
it is necessary for their protection that whatever rights such
proprietor may have in such streets, in the absence of a res-
·ervation to the contrary, must be held to pass to the owners
of such lots; and our conclusion is, that when the streets
designated on a plat of premises platted under the statute of
1868 are vacated, the title to the center of such streets vests
in the owners of the lots abutting that portion of the streets
so vacated.

We are aware that the supreme court of Illinois holds that
on the vacation of a street the title thereto reverts to the
original dedicator. *St. John v. Quitzow*, 72 Ill. 334, and *Geb-
hardt v. Reeves*, 75 Ill. 301, which are the leading cases in that
state on this subject, and the first to announce that doctrine
unqualifiedly, which was in 1874. It is claimed that our

statute on this subject is borrowed from Illinois, and that
according to the rule that a legislature, in adopting the statute
of another state, is presumed to have in mind the construction
theretofore given such statute, by the courts of that state,
this court should follow the Illinois courts in deciding the
question under consideration.    It is not necessary to consider
this proposition, for the reason that at the time the act of
1868 was passed, the decisions in the above cases had not
been announced.    A comparison of the Illinois statute, quoted
in the case of *Canal Trustees v. Haven*, 11 Ill. 554, with our
own, under consideration in this case, discloses the fact that
the two are very differently worded, though on the one ques-
tion, that the title of land intended to be used for streets, as
exhibited on any plat thereof, shall be held by the corporate
authorities in trust, they are alike, though the phraseology
employed is different.    From a comparison of the Illinois
statute with that of Wisconsin, on the same subject, which
may be found in *Kimball v. City of Kenosha*, *supra*, it appears
that they are quite similar, that portion of the statute with
reference to where the title to the streets of platted premises
shall vest being exactly alike in both instances.    In Wiscon-
sin, *Kimball* case, *supra*, the holding of the supreme court of
that state has been directly opposite to that of Illinois, a con-
struction which we think is more just and equitable than the
one subsequently adopted by the supreme court of the latter
state.    In this connection it is worthy of notice, that the
legislature of our state, in 1889, passed an act by which it
was provided that when the streets designated on the plat
of a city or on lands laid out as a town site, are vacated, the
fee of the land included within so much of such streets as
may be vacated shall vest in the proprietors of the abutting
lots, each abutting owner taking to the center of the street
vacated.    Mills' Ann. Stats. sec. 4370.    While this act is not
in any manner considered in reaching a decision in this case,
it is fair to presume that it was, doubtless, prompted by the
intimation of the supreme court in the case of *Denver & S. F.
Ry. Co. v. Domke*, 11 Colo. 247, which will be noticed later,

and is instructive as expressive of the sense of the lawmaking power of this commonwealth as to what would be just and equitable relative to where the title to land embraced in streets and alleys should vest in the event they were vacated.

It is urged upon our attention, that to permit appellee to hold the ground in question results in allowing it to acquire these premises without consideration. This proposition is not tenable. The proprietor of premises platted as a town site, by reason of dedicating a part for use as streets, enhances the value of the lots to which access may be had by means of such streets. His grantees pay this enhanced value, and the proprietor thus receives a consideration not only for the precise amount of land described in each lot, but, also, that embraced in the streets upon which the lots abut; and he who has already been once paid for his land cannot, in equity, be heard to assert title thereto as against one who has paid him the consideration therefor.

It is contended by appellant, that the *Domke* case, *supra*, is authority in support of the proposition contended for by her in this case. In that case the opinion rendered in the *Gebhardt* case, *supra*, is mentioned, and an intimation given that on the vacation of a street, the title thereto would not pass to the abutting lot owners. That question, however, was not involved in the *Domke* case. The court was then considering the right of Domke to recover damages resulting to his property from the use of the street in front of his premises for railroad purposes; the title to the street itself was not involved, nor was Domke making any claim for damages by reason of any ownership in such street, and what was there said by the supreme court on the subject now under consideration, or in any other cases where it might be said an intimation was given, that the abutting lot owner had no interest in the street, in which, however, the question now presented was not involved, must be treated as mere *dicta*, which, though entitled to respect, inasmuch as they go beyond the real questions considered in the cases in which they occur, are not controlling in a subsequent suit when the

very point to which they apply is presented for decision. *Wardsworth v. U. P. Ry. Co.*, 18 Colo. 600; *Cohens v. Va.*, 6 Wheat. 82.

The question as to what rights other lot owners or the public might have in the disputed premises for street purposes is not presented in this case. The only question involved under the character of action brought by appellant, is, which of the parties to this action is the owner of such premises, and entitled to the possession thereof. The judgment of the district court is affirmed.

*Affirmed.*