THE CITY OF CHICAGO

*v.*

WILLIAM S. JOHNSON.

*Filed at Ottawa May 14, 1881.*

</div>

1. DEDICATION—*must be clearly proved.* A dedication of private property to public uses will not be held to be established, except upon satisfactory proof, either of an actual dedication, or of such acts or declarations as should equitably estop the owner from denying such intention to dedicate.

2. Where every act of the owner relied on to show a common law dedication of a part of a lot for a street, is susceptible of an explanation consistent with the theory there was no such dedication, and every act of the owners has been in resistance of the claim of an easement, the court can not find in favor of such dedication.

3. SAME—*land owner not bound by acts of strangers.* The owner of real estate is not bound by the acts of others in respect to the property, done without his direction and not at his instance. The making of a plat by a stranger to the title, showing a dedication of a part of a lot for a street, and the building of a fence indicating the same thing, not shown to have been built by or for the owner, is no evidence against him of a dedication.

4. SAME—*evidence in rebuttal of presumption.* Where a common law dedication of a part of a lot for a street is claimed from the acts of the city in grading the ground, and those of the owner, subsequent to proceedings to condemn the lands necessary for the street, the record of such proceedings, although failing to show a condemnation of the property in question, is proper evidence to rebut any presumption of a dedication, and as explaining the conduct of the parties.

5. SAME—*building sidewalk as evidencing.* The building of a sidewalk by the owner of a lot on the same, so as to show ground left for a street, made while the lot was in the adverse possession of another, and in obedience to

the requirements of an ordinance, and under the mistaken belief that a part of the lot had been condemned, is not evidence sufficient to show a common law dedication by the owner.

6. SAME—*adjusting an assessment, no evidence of.* The compromising with a city in respect to the amount of a special assessment upon a lot, whereby the owner pays less than the sum assessed, is not evidence of an intention to dedicate any part of the lot for a street, where such compromise is made pending a suit between the lot owner and the city to recover the part claimed to be dedicated.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. FRANCIS ADAMS, for the plaintiff in error:

The acts of Johnson in reference to the premises in question, not only indicated an intention to dedicate to the public, but are inconsistent with any other reasonable hypothesis. That they show an abandonment of all exclusive or individual right to the ground, see *City of Bloomington* v. *Bay,* 42 Ill. 503; *Rees* v. *City of Chicago,* 38 id. 322; *Hiner* v. *Jeanpert et al.* 65 id. 430.

The sale of lots with reference to a plat showing streets, etc., amounts to an adoption of the map, and is a dedication of the designated streets to the public. *Trustees et al.* v. *Walsh,* 57 Ill. 367.

The defendant has, by his acts since the death of his wife, assented to the dedication. He secured a deduction of the proportion of an assessment on 33 feet of the lot, on the ground he was not the owner of that part of the lot north of the south line of the street, and is thereby estopped to deny the dedication.

Messrs. DENT & BLACK, for the defendant in error:

The making of the plat of Ridgely's addition can have no effect in this case. It was made some years after the city attempted to lay out Pratt street, and appropriated the ground, and was not made by the owner of the ground in question.

The attempted condemnation proceedings on the part of the city was proper evidence to rebut any presumption of a dedication arising from the acts or conduct of the land owner. *Town of Princeton* v. *Templeton*, 81 Ill. 69; *McIntyre* v. *Storey*, 80 id. 127; *Kelly* v. *City of Chicago*, 48 id. 388.

Words or acts to effect a dedication must be clear and unambiguous. *Warren* v. *Jacksonville*, 15 Ill. 240; Angell on Highways, §§ 143, 151.

The acts and declarations of Johnson, after learning that the city opened Pratt street under an irregular assessment, were proper to be shown, and they rebut any presumption of dedication. *Kyle* v. *Town of Logan*, 87 Ill. 64.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action of ejectment, brought by William S. Johnson against the city of Chicago, to recover a piece of land fronting on Halsted street, and running back through the depth of the block, and which is described with sufficient definiteness in the declaration. It is claimed, the premises in question constitute a part of Pratt street, in the city of Chicago, and whether they are a part of the street, or are the private property of plaintiff, subject to no easement in favor of the public, was the real question tried in the court below. No question was made as to the title of plaintiff, unless it is subject to an easement in favor of the public, and the only question discussed is, whether the premises became a part of Pratt street by common law dedication.

Counsel very correctly remarks, the question of dedication being one mainly of fact, it will be necessary to examine the evidence, and that has been done with that care the importance of the case demands. It is shown the north three-fourths of lot ten belonged to the wife of plaintiff, now deceased; that she inherited it from her father, Justin Butterfield; that she came into possession of it under deeds of partition, by the heirs to each other, in December, 1855, and continued in possession up to her death, which occurred in Jan-

uary, 1875, except the period the premises were in the adverse possession of one Hassett. Plaintiff derived his title under the will of his late wife, who devised the property to him. During the lifetime of his wife, plaintiff acted as her agent, and whatever was done in regard to the property was done by him as such agent, so that if any dedication of the premises was made by her to the public for a street, it was presumably done with his sanction. Under the view that has been taken of the case, it will not be necessary to remark upon the question discussed, whether a married woman, under our laws, can, either with or without the sanction of her husband, make a common law dedication of lands owned by her in her own right, to the public for a street, or other public purpose.

Regarding everything that was done by the husband in regard to the property as done by the wife, with the authorization and co-operation of her husband, nothing is perceived that indicates any intention on her part to dedicate any portion of her land as a part of Pratt street. Every act of the former owner, as well as of plaintiff, relied on as showing a common law dedication of the premises to the public for a street, is susceptible of an explanation consistent with the theory there was no such dedication. On the contrary, every act of the owners has been in resistance of the claim put forth by the city to an easement over these lands, and it is proven the contest has been going on for years. Plaintiff testifies, that soon after his wife became the owner of the property he caused a fence to be built around it. The north line was in the centre of what is now claimed to be the street. That fence, he says, remained there until it was removed by the city. When Hassett got possession of the property, he constructed a fence on the north side of the lot, on the south line of Pratt street, if extended west to Halsted street. Much stress is laid on the fact that Hassett, in building a fence on the south line of Pratt street, found old posts in the holes when he was making post

holes, which, to his mind, indicated there had been an old fence there. That is no doubt true, but it is not shown plaintiff, or anyone else acting on behalf of the owner, erected a fence on that line. It is more probable it was done by the city, when it undertook to open Pratt street to Halsted street. Be that as it may, it is not proven it was done by plaintiff, or any one else for the owner. Hassett was holding adversely to plaintiff's devisor, and certainly nothing he did about constructing fences around the premises bound her. It was not in his power to make any dedication of the property that would be obligatory on the real owner.

The assessment roll for opening Morgan, Pratt and Green streets, was given in evidence over two objections, made by defendant: *First*—Because it was not proper evidence in rebuttal. *Second*—It contained nothing touching the property in controversy. As respects the first objection, if it was proper evidence it was in the discretion of the court to admit it in rebuttal. That it was competent evidence, not the slightest doubt is entertained. It explains many acts, both of the owner of the property and of the city, that would otherwise not be understood. It is true, the city does not claim the property was ever condemned to public uses, but it is quite probable it was under the belief there had been a condemnation of the right of way, the city originally took steps to open the street to public use. The assessment proceedings were had in 1856 or 1857, and there is nothing in this record to show the city, prior to such proceedings, ever claimed there existed any easement over this property in favor of the public. It was not long afterwards the city began to grade the land, and to do other acts manifesting an intention to take possession of it for a street. Plaintiff, for many years, was undoubtedly under the belief the property had been condemned; but having learned the land was not included in the assessment roll, plaintiff went to the office of the city clerk to ascertain the exact truth of the matter. He saw, at the same time, the

comptroller, who told him the condemnation proceedings were all illegal, and need not be regarded. It may be that what the parties said in that interview was not legitimate evidence, but what they did might be proven as facts constituting evidence proper to be considered.

Neither plaintiff, nor his wife, while she was the owner of the property, was in any manner bound by the plat of Ridgely's addition. Perhaps both of them—certainly plaintiff—knew that plat showed Pratt street to its intersection with Halsted street, but it was a matter over which neither of them had any control. The street was open, and some grading had been done on it, before the plat was made and recorded. The owners of this property never consented to the making of the Ridgely plat, and how they could have prevented it from being made as it was, is not perceived.

It is said, plaintiff, about 1865, constructed a sidewalk on the south side of Pratt street, and that act is relied on as manifesting an intention on the part of the owner to dedicate the land north of it for a street. Under the circumstances it affords no satisfactory evidence of any such intention. As to the fact of such walk having been constructed, plaintiff was called as a witness by defendant, and his testimony is, that he had no recollection of a sidewalk on the south side of Pratt street, at the point in controversy, but if there was one there, he probably paid for it, and his impression would be there was a city ordinance requiring it. and that he was compelled to build it. It is shown the walk that was there was built while the property was in the adverse possession of Hassett, and it is probable, and perhaps certain, that plaintiff made it. With what view, or how he came to do it, is not apparent. It may have been with the intention of manifesting ownership in the property, then in litigation, or it may have been done under an ordinance of the city, as plaintiff's impression is, requiring it to be done. If both parties believed, as may have been the case, that this land was included in the proceedings for the opening of Morgan,

Pratt and Green streets, that may account for the passage of such an ordinance, if one was passed, and the submission of the owner to its provisions.

There are some few other acts, such as renting the land up to the south line of Pratt street, as evincing an intention to dedicate the land in controversy for a street, but they are not understood to be of sufficient importance to demand special remark. If they have any bearing at all on that question, it is so remote as not to be appreciable.

There is, therefore, nothing in this record, when rightly understood, that tends to show that Mrs. Johnson ever did anything that could properly be construed into a common law dedication of any portion of her land for a part of Pratt street, and it only remains to be ascertained whether plaintiff, since he became the owner of the land, has assented to any such dedication. But a single act is relied on to show such assent. In 1878 an assessment was made by the city for the improvement of Halsted street, which is the street east, and adjoining the whole property of plaintiff fronting on Halsted street. He thought the assessment was too high, and complained the " city had sprung a trap" on him. He was willing to pay what it would have cost him to do the work, under a contract he had with a party to do such work. After some figuring a compromise was agreed upon, by which plaintiff agreed to pay a sum which was in excess of what he thought he could have had it done for, and less than what the city claimed. That was all he did. This litigation was then pending, and it does not seem at all probable it was within the contemplation of plaintiff, that in adjusting an assessment that rested upon his whole property, he was acquiescing in a dedication of a portion for a street, which he had been steadily and constantly resisting through a long series of years.

A dedication of private property to public uses will not be held to be established, except upon satisfactory proof, either of an actual dedication, or of such acts or declarations as

should equitably estop the owner from denying such intention. This proposition is so clearly the law, it needs the citation of no authorities in its support. It can not be claimed there was any actual dedication by the owners of this land to public uses, nor are there any acts proven that should equitably estop them from denying such intention.

The finding of the court below on the question of fact involved was fully warranted by the evidence, and its judgment must be affirmed.

<div style="text-align:right">*Judgment affirmed.*</div>