## City of Edwardsville v. Henry. C. Barnsback.

1. DEDICATION—*What is Essential.*—To make a good declaration, either under the statute or at common law, there must be a definite and certain description of that which is proposed to be dedicated.

2. SAME—*Must Be Made by the Owner.*—A dedication must be made by the owner of the land.

3. SAME—*Rights Lost by Non-User.*—Where a city acquires rights in premises by a dedication, as for a street, its rights will be barred by non-acceptance and non-user on its part, and the adverse possession of such premises by private persons and those through whom they claim.

4. SAME—*Of Streets by Plat—Acceptance by User.*—The acknowledgment and recording of a village plat vests the legal title to the ground embraced by the streets and alleys in the village, but to make it a complete dedication there must be acceptance by user, or some other act indicating an acceptance by the authorities in order to complete the dedication, and this principle applies to statutory as well as to common law dedications.

5. FORCIBLE ENTRY AND DETAINER—*When Action Will Lie.*—Where a right in land dedicated for a street has been lost by non-acceptance and non-user. an action of forcible entry and detainer will lie against a municipality for an unlawful and forcible entry into and the withholding of the possession from the person in adverse possession of the same.

6. ESTOPPEL—*Opening Streets.*—The doctrine of equitable estoppel should be applied to a city claiming rights in 1825, under an alleged dedication of a strip of land for a street in 1825, where it has taken no proceedings to open the same as a street, or previously asserted any such right.

7. COSTS—*Against Municipalities.*—Costs are properly awarded against a municipality in a case of forcible entry and detainer.

**Forcible Entry and Detainer.**—Appeal from the Circuit Court of Madison County; the Hon. GEORGE W. WALL, Judge, presiding. Heard in this court at the February term, 1896. Affirmed. Opinion filed June 18, 1896.

WM. E. WHEELER, JR., City Attorney, and KROME & TERRY, attorneys for appellant, contended that the plat of 1825 was in conformity with the statute and constituted a statutory dedication of the strip to the public for a street. Laws of 1825, page 53; Laws of 1826, page 63; Adams & Durham's Real Est. Stat., Vol. 1, pages 1037, 1038, 1039; Canal Trustees v. Haven et al., 11 Ill. 554; Hunter v. Middleton, 13 Ill. 50; Zinc Co. v. City of LaSalle, 117 Ill. 414.

The acknowledging and recording of the plat vests the fee to streets in the corporation. Canal Trustees v. Havens, 11 Ill. 554; Hunter v. Middleton, 13 Ill. 50; Manly v. Gibson, 13 Ill. 309; Gebhardt v. Reeves, 75 Ill. 305; Maywood Co. v. Village of Maywood, 118 Ill. 70.

If not a statutory dedication it was a dedication at common law, inasmuch as the surveying of land, acknowledg-

City of Edwardsville v. Barnsback.

ing and recording the plat, and selling lots with the streets as an abuttal, amounted in law to a dedication. Godfrey v. City of Alton, 12 Ill. 30; Waugh v. Leech, 28 Ill. 488; Smith v. The Town of Flora, 64 Ill. 93; Warren v. Jacksonville, 15 Ill. 236; Powell v. City of Gilman, 38 Brad. 611; Village of Princeville v. Auten, 77 Ill. 325; Gebhardt v. Reeves, 75 Ill. 301; Rees v. Chicago, 38 Ill. 339; Gould v. Howe, 131 Ill. 490; Indiana & W. R. R. v. Hartley, 67 Ill. 439; Zearing v. Raber, 74 Ill. 409; Trustees First Ev. Church v. Walsh, 57 Ill. 363; Maywood Co. et al. v. Village of Maywood et al., 118 Ill. 61; Lee et al. v. Town of Mound Station, 118 Ill. 304; Earll v. City of Chicago, 136 Ill. 277; Field v. Carr, 59 Ill. 198 (plat made in 1817).

The city has not lost its right to the use of the strip in question as a street by non-user or abandonment. Easements and incorporeal interests are not within the statute of limitations. City of Alton v. Ill. Transportation Co., 12 Ill. 49, 59; Waugh v. Leech, 28 Ill. 489; Lee v. Town of Mound Station, 118 Ill. 304; City of Chicago v. Middlebrooke, 143 Ill. 269.

A city has discretionary power as to the time of opening streets, which can not be inquired into. City of Aurora v. Pulfer, 56 Ill. 270; Chicago v. Martin, 49 Ill. 241.

Where a municipal corporation holds property in trust, neither mere non-action of its officers nor the statute of limitations can be set up against it. Huddleston v. Hendricks, 33 Ohio L. J. 217; Logan Co. v. City of Lincoln, 81 Ill. 156.

The doctrine of estoppel as applied to municipal corporations implies more than *laches*, neglect or non-action of its officers, but is dependent upon affirmative acts of such officers. Logan Co. v. City of Lincoln, 81 Ill. 156; C., R. I. & P. R. R. Co. v. City of Joliet, 79 Ill. 25; Lee v. Mound Station, 118 Ill. 305; County of Piatt v. Goodell, 97 Ill. 84.

If the public is to be charged with the abandonment of a road, the proof of the fact must ·be accompanied by the further proof that another road has been adopted in its stead. Champlin v. Morgan, 20 Ill. 181; Grube v. Nichols, 36 Ill. 99.

A prescription can not be for anything which can not be raised by grant, for the law allows a prescription only in supply of the loss of grant and therefore every prescription presupposes a grant to have been made.

As an incorporated town or city holds the title to its streets and alleys for the use of the public, and has no rightful authority to grant them for any purpose inconsistent with the public use, it follows that an individual can not acquire a prescriptive right therein for any private use. City of Quincy v. Jones, 75 Ill. 231; Lee v. Town of Mound Station, 118 Ill. 305; Kreigh et al. v. City of Chicago, 86 Ill. 410; C. & N. W. Ry. Co. v. Hoag, 90 Ill. 339.

Any person may remove a fence erected across a highway without being guilty of a trespass. Marcy v. Taylor, 19 Ill. 634; Champlin v. Morgan, 20 Ill. 181; Brooks v. Boyle, 7 Brad. 602; Bloomington v. Brophy, 32 Ill. App. 400; King v. Davenport, 98 Ill. 311; Huddleston v. Hendricks, 33 Ohio L. J. 217; 24 Am. and Eng. Enc. of Law, 108; Lee v. Town of Mound Station, 118 Ill. 304; Earp v. Lee, 71 Ill. 195.

It was error to render judgment against the city for costs. Holmes v. City of Mattoon, 111 Ill. 27; Anderson v. Schubert, 158 Ill. 76; City of Carrollton v. Bazzette, 159 Ill. 284; Nokomis v. Harkey, 31 Ill. App. 107; Fosselman v. Springfield, 38 Ill. App. 296; City of Petersburg v. Whitnack, 48 Ill. App. 663.

TRAVOUS & WARNOCK, attorneys for appellee.

In an action of forcible entry and detainer the title to the premises in controversy is not involved. Stillman v. Palis, 134 Ill. 532; Smith v. Hoag, 45 Ill. 250.

No one, not even the owner, has the right to forcibly take real estate from the possession of another, no matter how justly he may be entitled to it. Where possession of premises is taken against the will of the occupant, the party so taking such possession will be liable in forcible entry and detainer, even though no violence was used and the possession of the other party was unlawful. R. S., Ill., Chap. 57, Sec. 1; R. S., Ill., Chap. 131, Sec. 1, Cl. 5; Phelps v. Randolph,

45 Ill. App. 492; Phelps v. Randolph, 147 Ill. 335; Wait's Actions and Defenses (1894), Vol. 8, p. 672 *et seq.*

The power of municipalities to remove obstructions from streets is a ministerial power, limited to such streets as are actually established and in use, and does not extend to opening streets, or to any case where the right is not clear, or requires lawful adjudication. Jackson v. The People, 9 Mich. 111; Warwick v. Mayo, 15 Gratt. 528; State v. Jersey City, 34 N. J. L. 31; Willey v. The People, 36 Ill. App. 609; Beecher v. The People, 38 Mich. 291; Dawes v. Hightstown, 45 N. J. L. 501; Avis v. Vineland, 56 N. J. L. 474.

To make a good dedication, either under the statute or at common law, requires a definite and certain description of that which is proposed to be dedicated. City of Belleville v. Stookey, 23 Ill. 441; Village of Winnetka v. Prouty, 107 Ill. 223. It is also essential that the dedication be made by the owner. Kyle v. Town of Logan, 87 Ill. 66; City of Chicago v. Johnson, 98 Ill. 618.

Proof of the offer to dedicate and acceptance of such offer by the municipal authorities, must be clear and unequivocal. Trustees v. Walsh, 57 Ill. 370; City of Chicago v. Hill, 124 Ill. 646; City of Chicago v. Stinson, 124 Ill. 510; Littler v. City of Lincoln, 106 Ill. 354.

Since dedication, before acceptance, is a mere offer, it may be withdrawn or abandoned, except as to individuals having private rights in the same. Forbes v. Balenseifer, 74 Ill. 187; City of Chicago v. Drexel, 141 Ill. 89, 106; Field v. Manchester, 32 Mich. 279; Willey v. The People, 36 Ill. App. 609.

The descriptions in the deeds between appellee and his grantors, and the question whether there may be private rights, have no tendency to establish a claim in favor of the city. Village of Winnetka v. Prouty, 107 Ill. 225; Willey v. The People, 36 Ill. App. 615; City of Chicago v. Drexel, 141 Ill. 105; In re Brooklyn Street, 19 Am. & Eng. Corp. Cases, 584.

If appellant ever had any rights in the land in question, they are barred by the non-user on its part and adverse

possession of appellee, and those through whom he claims. City of Peoria v. Johnston, 56 Ill. 49; C. & N. W. Ry. Co. v. The People, 91 Ill. 251; Village of Auburn v. Goodwin, 128 Ill. 60; Village of Winnetka v. Prouty, 107 Ill. 222; Schmitz v. Germantown, 31 Ill. App. 285; Hamilton v. State, 106 Ind. 361.

Appellee having succeeded to the adverse possession of previous occupants is entitled to the benefit of such possession and rights accruing under them as well as his own. A deed is not necessary to transfer possession of land held adversely. Faloon v. Simshauser, 130 Ill. 649; Weber v. Anderson, 73 Ill. 439.

It was not error to render judgment against the city for costs. Revised Statutes, Chap. 57, Sec. 13; Revised Statutes, Chap. 33, Sec. 7; Christian County v. Rockwell, 25 Ill. App. 20.

MR. PRESIDING JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This was a suit in forcible entry and detainer by appellee against appellant, to recover possession of a strip of land in Madison county, described as follows: " Beginning at a point 208 feet north of the half section corner on the line between section 10 and 11, T. 4 N., R. 8 W. 3d P. M.; running thence north 70 feet; thence east 218 feet; thence south 70 feet; thence west 218 feet to the place of beginning, which land it is averred the appellant unlawfully took, and withholds the possession thereof from appellee."

A jury was waived, the cause was tried by the court, the defendant found guilty, judgment for costs entered against it, and a writ of restitution for said premises was ordered to be issued. Defendant thereupon took this appeal.

Appellant claims it had the right to enter and take possession of the land in controversy, by virtue of a plat of Edwardsville, acknowledged by James Mason, December 3, 1825, and recorded December 29, 1825, in which plat appears a street named Randle street, which would take in and include the strip of land claimed by appellee. This plat was

objected to, because before it was acknowledged, Mason had conveyed the said premises and was not the owner thereof, and because the plat is indefinite in the description of the alleged street, its length or distance from any fixed line or established corner, and the plat shows nothing from which a correct measurement could be made, establishing its length or location. Each of these objections are sustained by decisions of our Supreme Court.

To make a good dedication, either under the statute, or at common law, requires a definite and certain description of that which is proposed to be dedicated (Village of Winnetka v. Prouty, 107 Ill. p. 223, 224), and the dedication must be made by the owner. Kyle v. Town of Logan, 87 Ill. 66; Chicago v. Johnson, 98 Ill. 618. But if the dedication had been valid and appellant had acquired rights in the *locus in quo* in 1825, those rights would be barred by the non-acceptance and non-user on the part of appellant, and the open, adverse, and entire possession of the premises in dispute, by appellee and those through whom he claims.

The acknowledgment and recording of a town plat vests the legal title to the ground embraced by the streets and alleys in the corporation of the town.

But to make it a complete dedication there must be acceptance; not any formal act of acceptance, but there must be user, or some other act indicating acceptance by the authorities, in order to complete the dedication, and this principle applies to statutory dedications, as well as common law dedications. In support of the principles above stated, Peoria v. Johnson, 56 Ill. 49–51; C. & N. W. Ry. Co. v. People, 91 Ill. 251; Village of Auburn v. Goodwin, 128 Ill. 60; Village of Winnetka v. Prouty, *supra;* Schmitz v. Germantown, 31 Ill. App. 285, are in point. If the proof shows in this case that appellant never acquired the right to said street, or that, by its non-acceptance and non-user, and adverse, open and complete possession by appellee, and those through whom he claims, all right thereto was barred, then a forcible entry into, and taking possession of said premises, to open said alleged street, by appellant, was an unlawful,

forcible entry into, and withholding possession thereof from appellee as charged in the complaint.

The proof justified the court in finding that appellee and those under whom he claims have been in the peaceable, open and adverse possession of the strip of land in question for more than fifty years, and during that period said strip has been inclosed, and uninterruptedly used as a part of the house lot of appellee and those through whom he claims, and has had on it buildings, a well, orchards and fences, and fruit trees twenty years old when appellee took possession, planted to replace others which had rotted down.

During all this period appellant had actual knowledge of the fact that the said improvements were being made from time to time, and the persons in possession were acting and using said strip in a manner inconsistent with, and adverse to the alleged rights of the appellant, yet appellant made no objection, did no work upon said strip, nor indicated by any act the acceptance of the alleged dedication, and these being the facts, on the day as alleged in the complaint, appellant, by its mayor, certain city officials and others, with actual force invaded the possession of appellee, tore down and removed his fence, and cut down four of his apple trees upon said strip, and did this, as is claimed, in the lawful execution of a right to open said street. Under the facts proven and the cases cited, the court properly found appellant guilty. There was no valid dedication accepted by the city of the street claimed, and the private rights of appellee to the peaceable possession of the premises and improvements placed thereon, acquiesced in by appellant for so long a period, should be protected, and justice requires that an equitable estoppel shall be asserted and maintained barring the city from setting up as a defense any right to said street. See authorities before cited and County of Piatt v. Goodell, 97 Ill. 84.

Costs were properly awarded against appellant in this character of case. Christian County v. Rockwell, 25 Ill. App. 20.

The court properly refused to hold as the law under the

facts the refused propositions asked on behalf of the appellant, and in holding the six propositions to be the law as required on its behalf, gave several more favorable than the evidence warranted. No error is perceived requiring a reversal, and the judgment is affirmed.