JOHN J. RUSSELL

*v.*

THE CITY OF LINCOLN.

*Opinion filed December 16, 1902—Rehearing denied February 5, 1903.*

1. DEDICATION—*an insufficient statutory dedication may be good at common law.* The signing and acknowledging of a plat by the agent of the owner instead of in person is not a good statutory dedication; but the dedication is good at common law, where the lots are sold by such owner and possession is given to the purchasers with reference to the plat.

2. SAME—*the difference between statutory and common law dedications.* A statutory dedication vests the legal title to the ground set apart for public purposes in the municipal corporation, while a common law dedication leaves the legal title in the original owner, charged with the same rights and interests in the public which it would have if the fee were vested in the corporation.

3. SAME—*dedication cannot be withdrawn after owner has sold lots.* A common law dedication cannot be withdrawn after the owner has sold lots and blocks by the description designated in the plat, and the streets and alleys indicated thereon may be opened by the municipal authorities at such time as the public interest may require, of which time they are the judges.

4. SAME—*opening street is evidence of acceptance of dedication.* After the right to withdraw a common law dedication is lost by the sale of lots with reference to the plat, the city may evidence its acceptance of the dedication at any time by opening the street.

5. SAME—*Statute of Limitations does not bar right of public in streets.* The Statute of Limitations does not run against a municipal corporation in respect to property held for a public use.

6. SAME—*when city is not estopped to open street.* One who purchases two blocks of ground and builds a fence around the entire tract, so as to enclose the street between such blocks, which street had been dedicated as at common law, cannot hold the street, as against the city, although he has been in undisturbed possession for thirty years, where he was not misled as to the existence of the street and has erected no improvements thereon except the fence by which he enclosed it.

WILKIN, J., dissenting.

APPEAL from the Circuit Court of Logan county; the Hon. JOHN H. MOFFETT, Judge, presiding.

HUMPHREY & ANDERSON, for appellant:

The signing of Bird's name to the plat by S. M. Tinsley, purporting to be his agent, and the acknowledgment by Tinsley as the purported agent of Bird, were illegal. *Gosselin* v. *Chicago*, 103 Ill. 623; *Thomsen* v. *McCormick*, 136 id. 135; *Gould* v. *Howe*, 131 id. 490; *Alton* v. *Fishback*, 181 id. 396; *Blair* v. *Carr*, 162 id. 363.

The plat not being executed or acknowledged by Bird, the town of Postville never obtained fee of the streets by the filing of said plat. *Thomsen* v. *McCormick*, 136 Ill. 135; *Clark* v. *McCormick*, 174 id. 164.

The acceptance or user of the streets in a portion of a plat is not an acceptance or user of all the streets in the plat. *Chicago* v. *Drexel*, 141 Ill. 89; *Jordan* v. *Chenoa*, 166 id. 530.

If there was no acceptance or user of the street on the part of the town of Postville prior to the time the same was fenced, in 1858, the town never had any right in said street. *Gentleman* v. *Soule*, 32 Ill. 271; *Fisk* v. *Havana*, 88 id. 208; *Littler* v. *Lincoln*, 106 id. 353; *Woodburn* v. *Sterling*, 184 id. 208; *Jordan* v. *Chenoa*, 166 id. 530.

The plat filed being defective, by the deeds to complainant he acquired the title to the streets and alleys adjoining said blocks to the center of the street and alleys adjoining said blocks, and when the town of Postville failed to accept or use said streets and alleys his title became absolute. *Thomsen* v. *McCormick*, 136 Ill. 135; *Clark* v. *McCormick*, 174 id. 164.

Even if there had been a common law dedication of the streets and alleys in said plat, the town and city have lost their right to the street and alleys in controversy by abandonment and adverse possession for forty years. *Jordan* v. *Peoria*, 166 Ill. 530; *Peoria* v. *Johnson*, 56 id. 45; *Winnetka* v. *Prouty*, 107 id. 218; *Auburn* v. *Goodwin*, 128 id. 57; *Mason* v. *Chicago*, 163 id. 351.

Where a town or city having no right to open a street proceeds to do so illegally, injunction will lie. *Peoria* v.

*Johnson,* 56 Ill. 45; *Joliet* v. *Werner,* 166 id. 34; *Mt. Carmel* v. *McClintock,* 155 id. 608; *Bryan* v. *East St. Louis,* 12 Ill. App. 390; *Winnetka* v. *Prouty,* 107 Ill. 218.

BEACH, HODNETT & TRAPP, and JOHN A. LARISON, City Attorney, for appellee:

The dedication of the streets and alleys in said plat was undoubtedly good as a common law dedication, and the town of Postville took the same as a trustee for the public. *Gosselin* v. *Chicago,* 103 Ill. 623; *Marsh* v. *Fairbury,* 163 id. 401; *Maywood Co.* v. *Maywood,* 118 id. 61; *Augusta* v. *Tyner,* 197 id. 242.

By a common law dedication the public acquires the same rights and interests which it would have if the fee was in the corporation. *Railroad Co.* v. *Joliet,* 79 Ill. 25; *Clark* v. *McCormick,* 174 id. 164; *Maywood Co.* v. *Maywood,* 118 id. 61; *Chicago* v. *Ward,* 161 id. 392.

The streets and alleys may be opened and used at the discretion of the public authorities, and it is not necessary that every street should be forthwith opened when the same is platted. *Augusta* v. *Tyner,* 197 Ill. 242; *Meier* v. *Railroad Co.* 1 L. R. A. 856; *Railroad Co.* v. *Duluth,* 43 id. 433; *Lee* v. *Mound Station,* 118 Ill. 304; *LeBahn* v. *Lake View,* 120 id. 92.

Appellant, as grantee of the original proprietors, is forever estopped from denying the existence of the said street. *Rusk* v. *Berlin,* 173 Ill. 643; *Smith* v. *Young,* 160 id. 163; *Gridley* v. *Hopkins,* 84 id. 528.

Possession of appellant is presumed to have been subordinate to the rights of the city of Lincoln. *Henshaw* v. *Hunting,* 1 Gray, 203; *Railroad Co.* v. *Duluth,* 43 L. R. A. 433; *Olean* v. *Steyner,* 32 N. E. Rep. 9.

Appellant could acquire no rights to said street and alleys by adverse possession. *Augusta* v. *Tyner,* 197 Ill. 242; *Shirk* v. *Chicago,* 195 id. 298; *Greenwood* v. *LaSalle,* 137 id. 225; *DeKalb* v. *Luney,* 193 id. 185; *Sullivan* v. *Tichenor,* 179 id. 97.

Mr. JUSTICE HAND delivered the opinion of the court:

The facts in this case are not in dispute, and from the pleadings and proofs it appears that on July 20, 1836, Moses L. Knapp, Henry Bird and Seth M. Tinsley laid out upon land of which they were the joint owners, an addition to the town of Postville, known as "Knapp, Bird & Tinsley's addition to the town of Postville," (now a part of the city of Lincoln,) and caused a survey and plat to be made and certified by the county surveyor of Sangamon county, upon which they certified that in conformity to the requirements of the statute they released all streets, alleys and public grounds contained in said plat for public uses and benefits, and acknowledged the same before a justice of the peace and filed the same for record in the recorder's office of Sangamon county, in which county the addition was then located, it now being included within the limits of Logan county. The plat was signed and acknowledged by Moses L. Knapp, Seth M. Tinsley, and Henry Bird by S. M. Tinsley, his agent. The lots and blocks were sold according to the plat, and March 16, 1858, the appellant obtained title to the south half of block 41; May 8, 1858, to the south half of block 42; March 30, 1868, to the north half of block 41, and March 1, 1869, to the north half of block 42, by *mesne* conveyances from Knapp, Bird & Tinsley. The blocks adjoined upon the east and west, and immediately upon obtaining title thereto, respectively, the appellant went into possession thereof, and in the year 1869 erected a fence around the whole of said blocks 41 and 42, including the street between them, 82½ feet in width, and the alleys which bisected them, which were 16½ feet in width. He had before that time erected a dwelling house and barn upon the south half of block 41 and fenced the same in with the south half of block 42, including the street and alleys, and has resided upon said south half of block 41 since the year 1858, and has maintained said fence since the blocks, street and alleys were enclosed, in 1869.

The street and alleys have been used by appellant while in possession thereof, for agricultural purposes, but no buildings or improvements are located thereon other than the fence, and they are now used as pasture lands. In the year 1900, upon the petition of other property owners in said addition, the appellee was about, through a street commissioner, to remove the fences and open said street and alleys to the public, when the present bill was filed by the appellant to enjoin it from so doing, and a temporary injunction was issued. Afterwards an answer and replication were filed and a trial had, and a decree was entered dissolving the injunction and permitting the appellee to open said street and alleys, from which decree an appeal has been prosecuted to this court. The injunction was continued in force upon the filing of the appeal bond, until the case should be disposed of in this court.

It is evident that Knapp, Bird and Tinsley intended to make a statutory plat and to dedicate to public use the streets and alleys designated thereon. The fact that the plat was signed and acknowledged by Henry Bird by S. M. Tinsley, his agent, destroyed its validity as a statutory plat, (*City of Alton* v. *Fishback*, 181 Ill. 396,) and the fee to the streets and alleys in the addition did not pass from the original proprietors of the plat by reason of the making, acknowledging and recording of the same, and is not now vested in the appellee. That fact, however, did not destroy the dedication. While the dedication was not good as a statutory dedication it was good as a common law dedication, as a common law dedication may be made by a survey and plat which is not sufficient as a statutory dedication. (*Maywood Co.* v. *Village of Maywood*, 118 Ill. 61; *Marsh* v. *Village of Fairbury*, 163 id. 401; *Clark* v. *McCormick*, 174 id. 164; *Village of Augusta* v. *Tyner*, 197 id. 242.) "The difference between a statutory and common law dedication is, that the one vests the legal title to the ground set apart for public purposes in the munici-

pal corporation, in trust for the public, while the other leaves the legal title in the original owner, charged, however, with the same rights and interests in the public which it would have if the fee was in the corporation." *Chicago, Rock Island and Pacific Railroad Co.* v. *City of Joliet,* 79 Ill. 25.

In the case of *Village of Augusta* v. *Tyner, supra,* on page 245 it is said: "Notwithstanding his intention the plat did not have the effect of conveying the fee to the village, for the reason that the Revised Statutes of 1845, then in force, required the survey and certificate to be made by the county surveyor. The survey and certificate were made by a deputy county surveyor in his own name, as deputy, and not in the name of the county surveyor, so that the plat did not have the effect to convey the fee of the street. (*Village of Auburn* v. *Goodwin,* 128 Ill. 57.) The question, therefore, is whether there was a dedication of this street good at the common law. Such a dedication may be made by a survey and plat which is insufficient as a statutory dedication. It could be made by the survey and plat alone, by which Catlin set apart the street for the use of the public."

In *Clark* v. *McCormick, supra,* on page 170 the court say: "It was not necessary that a declaration, either oral or written, should be established in order to show it was the intention of the proprietor to dedicate the strips to such uses. Such intention may be established in any conceivable way by which it may be made manifest. A survey and plat alone are sufficient to establish a dedication, if it is evident from the face of the plat it was the intention of the proprietor to set apart certain grounds for public use."

In *Maywood Co.* v. *Village of Maywood, supra,* on page 69 it was said: "A dedication may be made by grant or other written instrument, or it may be evidenced by acts and declarations without writing. No particular form is requisite to the validity of a dedication—it is purely a ques-

tion of intention. A dedication may be made by a survey and plat alone, without any declaration, either oral or on the plat, when it is evident from the face of the plat that it was the intention of the proprietor to set apart certain grounds for the use of the public."

It is doubtless true that a municipal corporation can not be required to open and improve a street, or be held liable for damages by reason of the unsafe condition thereof, until it has accepted the same, (*Littler* v. *City of Lincoln*, 106 Ill. 353,) which acceptance may be evidenced by some formal act of the public authorities, or from repairing, improving, lighting or otherwise assuming control over the same, or by its use by the public for the purposes for which it is dedicated; (9 Am. & Eng. Ency. of Law,—2d ed.—p. 43; Elliott on Roads and Streets,— 2d ed.—sec. 154; *Rees* v. *City of Chicago*, 38 Ill. 322; *Smith* v. *Town of Flora*, 64 id. 93; *Hiner* v. *Jeanpert*, 65 id. 428; *Wragg* v. *Penn Township*, 94 id. 11; *Town of Lake View* v. *LeBahn*, 120 id. 92; *Fairbury Union Agricultural Board* v. *Holly*, 169 id. 9; *Woodburn* v. *Town of Sterling*, 184 id. 208;) and a mere offer to dedicate a street may be withdrawn before acceptance; (*City of Chicago* v. *Drexel*, 141 Ill. 89;) yet when the owner has caused a survey and plat to be made, signed, acknowledged and recorded, in which he offers to dedicate certain streets and alleys shown thereon for a public use, and has sold lots and blocks designated thereon in accordance with the description given upon the plat, he cannot withdraw such offer of dedication, but leaves the streets and alleys indicated upon the plat to be opened by the municipal authorities at such time as the public interest may require, and of which time they are the judges. Elliott on Roads and Streets, —2d ed.—sec. 118; *Earll* v. *City of Chicago*, 136 Ill. 277; *Rusk* v. *Berlin*, 173 id. 634; *Eisendrath & Co.* v. *City of Chicago*, 192 id. 320; *Village of Augusta* v. *Tyner*, *supra; Lee* v. *Town of Mound Station*, 118 Ill. 304; *Town of Lake View* v. *LeBahn, supra; Reilly* v. *City of Racine*, 51 Wis. 526; *Town*

*of Derby* v. *Alling,* 40 Conn. 410;' *Shea* v. *City of Ottumwa,* 67 Iowa, 39; *Henshaw* v. *Hunting,* 1 Gray, 203; *Meier* v. *Portland, etc. Co.* 16 Ore. 500.'

In Elliott on Roads and Streets (2d ed. sec. 118,) it is said: "An owner who makes a plat on which spaces are left indicating the dedication of roads or streets, and sells lots with reference to the plat, cannot recall his dedication, for he leaves the streets to be opened by the proper local authorities at such a time as the public interest may require; and of this the local authorities are the judges."

In *Earll* v. *City of Chicago, supra,* on page 285 it is said: "'It is unimportant whether the public have so far accepted the dedication as to be bound to keep the street in repair, since the question involved is simply one of private right.' \* \* \* If the owner of land exhibits a map or plan of a town, or addition platted thereon, and on which a street is defined, and sells lots abutting on such street and with clear reference to the plat exhibited, then the purchasers of such lots have a right to have that street remain open forever; and such right is not a mere right that the purchaser may use that street, but is a right vesting in the purchasers that all persons may use it,—that the sale and conveyance of lots according to the plat imply a grant or covenant to the purchasers of lots and their grantees that the public street indicated upon the plat shall be forever open to the use of the public as a public highway, free from all claim or interference of the proprietor, or those claiming under him, inconsistent with such use, and that the owner, and all claiming under him, will be perpetually estopped from denying the existence of the street."

In *Rusk* v. *Berlin, supra,* on page 636 the court say: "It appears, however, that after platting the land the owner sold the lots and blocks so platted with reference to the plat, and that the defendants in error purchased their lots with reference to this plat showing the respective

strips set apart for streets, including the street in controversy upon which their lots abutted, and that plaintiff in error purchased said block 12 by the same plat. Besides, the plat showed the dimensions of plaintiff's said block, and showed that it did not embrace any part of the alleged street or that part of it contained in the thirty-three feet in controversy. The parties, therefore, including plaintiff in error, were estopped from denying the existence of the street."

In *Eisendrath & Co.* v. *City of Chicago, supra*, on page 327 the court say: "The offer to dedicate the street is a continuing offer as to the purchasers of lots, and cannot be revoked by the proprietor of the plat. 'Where the owner of land has the same platted, showing a street, and sells a part with reference to such street, which is mentioned in the description in the deed, although the street is not opened or the map thereof acknowledged or recorded, this will be an immediate dedication of the street as to such purchaser; and the grantor, and all persons claiming under him, will be estopped from denying the existence of the street.' (*Zearing* v. *Raber*, 74 Ill. 409.) 'Although a town plat or a plat of an addition has not been properly acknowledged, yet if the owner of the land so platted makes sales of lots with reference to such plat, abutting upon what is marked as a street, he and those claiming through him will be estopped from questioning the existence of the streets as shown on the plat. Such acts will create a common law dedication. Such sale of lots by the plat confers upon the purchasers the right to have the street therein described, and upon which their lots abut, remain open forever; and such right is not a mere right that the purchasers may use the street, but is a right vested in the purchasers that all persons may use it.'"

In *Village of Augusta* v. *Tyner, supra*, on page 246 it is said: "Although the survey and certificate were not made by the county surveyor, yet Catlin sold all the lots in the

addition with reference to the plat, and this created a common law dedication of the streets, so far as his grantees and those claiming under him were concerned. These sales conferred on the purchasers the right to have this street remain open forever; and this was not a mere right that they should use it, but was a right vested in them that the public should have the right to use it."

In *Lee* v. *Town of Mound Station, supra,* on page 316 it was held: "There is no authority for holding that every street or square should have been forthwith opened and improved. The corporation has a discretion as to the time within which such things may be done."

In *Town of Lake View* v. *LeBahn, supra,* on page 103 it was said: "Immediate opening and user, by the public, of all the streets for their entire length, or immediate formal acceptance by some competent public authority, cannot be necessary to give effect to a dedication of land to the public use of a street, by the making of a town plat and the selling and conveying of lots with reference to the plat. A municipality must be permitted to wait its reasonable time for opening and improving its public streets, as its own resources and the public need may allow and require, without thereby rendering its streets subject to appropriation for the exclusive use and enjoyment of individuals."

In *Village of Augusta* v. *Tyner, supra,* on page 246 it was said: "So far as the public are concerned, unless the offer to dedicate is withdrawn, the street may be opened and used at the discretion of the public authorities, as public necessity may require; and it is not necessary to an acceptance that every street should be forthwith opened when platted."

In *Reilly* v. *City of Racine, supra,* on page 529 the court say: "Until the time arrives when any street or part of a street is required for actual public use, and when the public authorities may be properly called upon to open it for the public use, no mere non-user, of any length of

time, will operate as an abandonment of it, and all persons in possession of it will be presumed to hold subject to the paramount right of the public."

In *Shea* v. *City of Ottumwa, supra,* on page 41 it is said: "In some of the cities of this State there are streets, in some portions thereof, over which no vehicle nor even horseman has passed, and yet they were dedicated more than thirty years ago. They have not been used for the reason that until graded they are incapable of use. The dedication will be presumed by the law to have contemplated this state of things, and imposed no condition upon the public to use the streets until the public wants demanded and secured their improvement."

In *Meier* v. *Portland, etc. Co. supra,* the court say: "It is generally known and understood that a large portion of them (streets) will not be required for many years after the town is laid out; that their necessity will depend upon its future development and growth, and that they will remain in abeyance until the public exigency demands that they be opened and improved."

It was not necessary that the appellee accept the dedication at once. By the offer of dedication contained in the plat, and by the sale of lots in accordance with the plat, the right of the appellant to withdraw the offer to dedicate was lost, and the appellee might determine at what time the public interests demanded it should accept the offer of dedication and open the street and alleys, and the acceptance of the dedication by the municipal authorities is evidenced by the fact that the appellee is now attempting to open said street and alleys, (*Maywood Co.* v. *Village of Maywood, supra,*) and the dedication as to the public has become complete, and the municipal authorities rightfully may proceed to remove the fences of appellant and throw open to public use said street and alleys. In *Maywood Co.* v. *Village of Maywood, supra,* where land in an unincorporated village was dedicated to the public as a park by the proprietor, it was

held, after the village was incorporated its acceptance
by the municipal authorities was shown by a demand for
the possession thereof and for a conveyance of the title,
and that a failure to improve the same after the refusal
of the original proprietor to yield its control was not evi-
dence of a non-acceptance.

The Statute of Limitations does not run against a
municipal corporation in respect to property held for a
public use. (*Lee* v. *Town of Mound Station, supra; City of
Sullivan* v. *Tichenor,* 179 Ill. 97; *City of DeKalb* v. *Luney,* 193
id. 185; *Shirk* v. *City of Chicago,* 195 id. 298; *Village of Au-
gusta* v. *Tyner, supra.*) In *Shirk* v. *City of Chicago, supra,*
on page 312 it is said: "It has always been the doctrine°
of this court that the Statute of Limitations does not
run against a municipal corporation in respect to prop-
erty held for public use." In *City of DeKalb* v. *Luney, supra,*
on page 189 it was said: "Adverse possession of a por-
tion of the street by the appellee and those in the line
of his title or possession, no matter how long continued,
had no effect, by reason of the provisions of the Statute
of Limitations, to bar the right of the city to be restored
to possession of the street to the full width thereof. The
title to the street is vested in the city in its govern-
mental capacity, to hold for the use of the public, and
the Statute of Limitations does not run in favor of the
appellee to bar the right of the public."

It is thought by appellant, as he is in possession of
the entire street between blocks 41 and 42, that this case
may be distinguished from the cases of *City of Sullivan*
v. *Tichenor, supra, City of DeKalb* v. *Luney, supra, Shirk* v.
*City of Chicago, supra,* and *Village of Augusta* v. *Tyner, supra,*
wherein the Statute of Limitations was held not to run
when the possession only extended to a part of the street.
We see no difference, in principle, whether the possession
extends to a part or to the whole of a street. A street
and all its parts are held for a public use, and title to
no part thereof can be obtained against the public by

adverse possession.   Neither does the doctrine of equitable estoppel apply here as against the appellee.   In *City of DeKalb* v. *Luney, supra,* on page 190, in discussing the doctrine of estoppel *in pais* as applied to municipal corporations, it was said: "It must appear, to create an equitable estoppel against the public in cases such as that at bar, not only that the city authorities have long withheld the assertion of control over the portion of the street in question, and that private parties have been, by the acts of those representing the public, induced, in good faith, to believe the street has been abandoned by the public, but also that on the faith of that belief and with the acquiescence of those representing the public such private party has erected structures on the street, or made improvements thereon of such lasting and valuable character that to permit the public to assert the right to re-possess itself of the premises would entail such great pecuniary loss and sacrifice upon the private property holder that justice and right would demand that the public be estopped."

It appears from the evidence that the appellant has enjoyed the use of the street and alleys for many years, and now that the municipal authorities have determined that the same should be opened to public use he has no just cause of complaint.   He was not misled when he took possession thereof, as he admits he knew the title thereto did not pass to him by his deeds, and they are in the same condition now as then, except they are enclosed by a fence placed around them by the appellant, which cost but little to build and which can readily be removed.

The decree of the circuit court will be affirmed.

*Decree affirmed.*

Mr. JUSTICE WILKIN, dissenting.