THE ROAD KING PETROLEUM PRODUCTS, INC., Plaintiff-Appellee, *v.* THE VILLAGE OF WOOD DALE, Defendant-Appellant.

(No. 72-46;

Second District—October 23, 1974.

Samuel A. LaSusa and Dom J. Rizzi, both of Chicago, for appellant.

Mirabella, Factor, Mirabella & Kincaid, of Wheaton, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

This action was brought by the plaintiff, Road King Petroleum Products, Inc. (Road King), to quiet title to certain property located in the village of Wood Dale, Du Page County. The defendant, the Village of Wood Dale, counter-claimed. The trial court, sitting without a jury, found the issues in favor of Road King and entered judgment for the plaintiff and counter-defendant. The village appeals. The issue on appeal is whether or not there was a valid statutory dedication of a portion of the property to the village of Wood Dale.

The property involved is a part of a 12-acre tract which is bounded

by the center line of Irving Park Road on the south; the Chicago, Milwaukee, St. Paul and Pacific Railroad on the north; Addison Road on the west, and Harvey Avenue on the east. (See insert on next page).

On August 1, 1963, Road King obtained fee title ownership of the property. In 1964 the property was annexed to the village of Wood Dale by annexation agreement between the Road King and the village. In December, 1966, Road King, through its president, Pierce Maher, commenced negotiations with the Union Oil Company for the sale and purchase of a subdivided part of the property, 150 x 200 feet, which comprised the southwest corner of the parcel. On December 10, 1966, pursuant to the negotiations, Road King entered into a written agreement giving Union Oil the option to purchase.

On March 1, 1967, the planning board of the village of Wood Dale gave tentative approval to plans for a service station to be located on this southwest corner. The planning board recommended to the village that the owner of the property, Road King, present a subdivision plat of the property in accordance with the Plat Act of the State of Illinois (Ill. Rev. Stat. 1967, ch. 109, par. 1 *et seq.*).

Thereupon, Union Oil Company contacted and retained one Carl Harrington, a registered Illinois land surveyor, to prepare a plat of the 12-acre parcel. Union Oil provided the legal description from which Harrington prepared the document. Harrington found that the Road King title ran to the center line of Irving Park Road for the entire length of the property on the southern border. After Harrington prepared the plat of survey he certified it on March 18, 1967. (See Ill. Rev. Stat. 1967, ch. 109, par. 2.)

On March 31, 1967, Pierce Maher, president of Road King, acknowledged and signed the assessment plat. Maher returned the plat to a representative of the Union Oil Company who had originally asked for his signature. At the time Maher signed the plat there was a line of the plat which ran parallel to the center line of Irving Park Road for the entire width of the property. The line was 50 feet to the north of the center line of Irving Park Road. In the space between the two lines, which would be the northern half of Irving Park Road, no words of dedication appeared.

On April 3, 1967 at a village of Wood Dale board meeting, the plat, now known as Maher's Assessment Plat, was submitted for approval. It was moved and seconded by members of the council to approve the plat subject to it being amended to show a dedication of the 50-foot strip north of the center line of Irving Park Road. At trial, the clerk of the village could not recall to whom she returned the plat in order to have the words "Hereby Dedicated" placed on the plat. The surveyor,

183

Harrington, added the words "Hereby Dedicated" in the 50-foot space representing the northern half of Irving Park Road. At trial Harrington testified that he did not remember who told him to add the words "Hereby Dedicated" on the plat but he testified that the request to add the words did not come from either Pierce Maher or Road King. The plat was subsequently returned to the village, approved, and recorded. There was no evidence introduced at trial as to who recorded the plat. Maher was not present at the village meeting.

After the plat was approved and recorded as a public record in accordance with the provisions of the Plat Act (Ill. Rev. Stat. 1967, ch. 109, par. 2), Road King in 1967 conveyed the southwestern corner lot of the subdivided parcel, including a portion of the 50-foot strip to Union Oil pursuant to the option agreement; the deed running to the center line of Irving Park Road.

In August 27, 1970, the village of Wood Dale notified Road King in writing that it had passed an ordinance providing for the construction of sidewalks alongside certain streets in the village of Wood Dale. The notification referred specifically to the recorded Maher Assessment Plat and it provided the sidewalk was to be constructed within the 50 feet shown on the recorded plat as having been dedicated.

Thereupon, Road King claimed that it never made the dedication and brought this suit to quiet title. The village of Wood Dale filed a counterclaim asserting that the dedication was valid and that the 50 feet involved in the dedication was part of the village of Wood Dale's plans for the widening of Irving Park Road and the installation of sidewalks alongside the roadway. The trial court found that Maher did not dedicate the 50-foot strip in that portion of the property which he retained.

■■ After a careful review of the record, we find that there was no statutory dedication of the 50-foot strip north of the center line of Irving Park Road. There must be strict and full compliance with the Plat Act in order to have a valid statutory dedication. (*Sundstrom v. Village of Oak Park* (1940), 374 Ill. 632, 30 N.E.2d 58.) In a statutory dedication, acknowledgment and recording of the plat constitute a dedication and vests the title to the dedicated property in the governmental body. (*Manly v. Gibson* (1851), 13 Ill. 308; *City of Edwardsville v. Barnsback* (1896), 66 Ill.App. 381; Ill. Rev. Stat. 1967, ch. 109, par. 3.) In this case the evidence produced at trial clearly shows that Maher, as president of Road King, acknowledged the plat before the words of dedication were added by the surveyor. It was not re-submitted to Maher for his approval. Hence, the acknowledgment and recording of the plat in this case did not constitute a valid statutory dedication of the 50-foot strip.

The village of Wood Dale contends, however, that the words were

added by the surveyor who was acting as an agent for Maher. Therefore, the village of Wood Dale argues, the plat was approved by the owner through his agent. We disagree. The surveyor was not acting as the agent for Maher in adding these words and testified that he had not added the words of dedication to the plat at the request of the owner.

■■ However, even if we assume the surveyor were the agent of Maher and Road King, we still find that there was no statutory dedication. Under the Act, a duly authorized attorney is the only agent of the owner who can validly acknowledge the plat in place of the owner. (Ill. Rev. Stat. 1967, ch. 109, par. 2.) Accordingly, we conclude that if an agent other than the attorney cannot validly acknowledge a plat for the owner, an agent surveyor cannot validly add additional words of dedication to the plat without the owner or his attorney acknowledging these words of dedication. See *Russell v. City of Lincoln* (1902), 200 Ill. 511, 65 N.E. 1088; *Baugan v. Mann* (1871), 59 Ill. 492, 494.

■■ Citing *Woodward v. Schultz* (1959), 15 Ill.2d 476, 155 N.E.2d 568, the defendant contends, however, that because a plaintiff sold a portion of his property with reference to the assessment plat, the plaintiff is now estopped from claiming that there was no dedication. We find from the evidence that Maher was not aware of the words of dedication on the plat. This fact is evident not only from Maher's testimony but from the deed Maher gave to Union Oil Company. The legal description of the property contained in the deed gave the center line of Irving Park Road as the property's southern boundary. Therefore, in actuality, it is evident that Maher did not sell the property with reference to the assessment plat. Thus, Maher is not estopped from claiming that there was no dedication.

For the foregoing reasons the trial court properly found that there was no statutory dedication of the 50-foot strip of the parcel which Maher retaied. We, therefore, affirm the judgment of the trial court.

Affirmed.

T. MORAN, P. J., and SEIDENFELD, J., concur.